Request of the House of Representatives
No. 81-201

OPINION OF THE JUSTICES

June 12, 1981

The following resolution, House Resolution No. 40, requesting an opinion of the justices was adopted by the house of representatives on June 3, 1981, and filed in the supreme court on June 4, 1981:

"Whereas, the House of Representatives has under consideration SB 63 which prohibits certain activities relative to the sale of drug paraphernalia, including certain forms of advertising which promote the sale of drug paraphernalia; and

"Whereas, the House of Representatives questions the constitutionality of certain aspects of the proposed legislation; now therefore, be it

"Resolved by the House of Representatives:

"That the Justices of the Supreme Court are respectfully requested to give their opinion and answer the following question:

"Do any provisions of SB 63 in the form as proposed by the House Judiciary Committee violate any provision of the United States Constitution or of the New Hampshire Constitution?; and

"That the clerk of the House of Representatives transmit copies of this resolution and SB 63 as proposed by the House Judiciary Committee, to the Justices of the Supreme Court."

The following answer was returned:

*To the Honorable House of Representatives:*

The undersigned justices of the supreme court reply as follows to your request filed in this court on June 4, 1981:

The proposed bill amends RSA ch. 318-B (Supp. 1979) ("Controlled Drug Act") by adding certain provisions designed to curb the proliferation of paraphernalia used with controlled substances. The bill is patterned after the Model Drug Paraphernalia Act (Model Act) drafted by the Drug Enforcement Administration of

the Department of Justice in 1979. Similar laws have been enacted by ten states and several municipalities. *Delaware Accessories Trade Ass'n v. Gebelein*, 497 F. Supp. 289, 290–91 (D. Del. 1980). *See generally* Note, *Anti-Drug Paraphernalia Laws: Void for Vagueness?*, 61 BOSTON U. L. REV. 453 (1981). To date, at least nine federal district courts, *Weiler v. Carpenter*, 507 F. Supp. 837 (D.N.M. 1981); *New England Accessories Trade Ass'n, Inc. v. City of Nashua*, No. 80-530-D (D.N.H. Dec. 8, 1980), *appeal docketed*, No. 80-1822 (1st Cir. Dec. 23, 1980); *Nova Records, Inc. v. Sendak*, 504 F. Supp. 938 (S.D. Ind. 1980); *New England Accessories Trade Ass'n v. Browne*, 502 F. Supp. 1245 (D. Conn. 1980); *Tobacco Accessories v. Treen*, 501 F. Supp. 168 (E.D. La. 1980); *Mid-Atlantic Accessories Trade Ass'n v. Maryland*, 500 F. Supp. 834 (D. Md. 1980); *Florida Businessmen for Free Enterprise v. Florida*, 499 F. Supp. 346 (N.D. Fla. 1980); *Delaware Accessories Trade Ass'n v. Gebelein*, 497 F. Supp. 289 (D. Del. 1980); *World Imports, Inc. v. Woodbridge Township*, 493 F. Supp. 428 (D.N.J. 1980); and two federal circuit courts of appeal, *The Casbah, Inc. v. Thone*, No. 80-1925 (8th Cir. June 8, 1981); *Record Revolution No. 6, Inc. v. City of Parma*, 638 F.2d 916 (6th Cir. 1980), *vacated and remanded*, 101 S. Ct. 2998 (1981), have ruled on the constitutionality of the Model Act. The majority of the courts have upheld the Model Act in its entirety, *New England Accessories Trade Ass'n, Inc. v. Nashua supra; Nova Records, Inc. v. Sendak supra; Tobacco Accessories v. Treen supra; Delaware Accessories Trade Ass'n v. Gebelein supra; World Imports, Inc. v. Woodbridge Township supra.* Only two courts have found the statute unconstitutional. *Record Revolution No. 6, Inc. v. City of Parma supra; Weiler v. Carpenter supra.* One court has upheld the act after excising certain provisions pursuant to the severability clause. *New England Accessories Trade Ass'n v. Browne supra.*

At the outset, we note that the legislature is apparently well aware of the decisions in those cases, for in drafting Senate bill 63 it has deleted almost all of the provisions of the Model Act that have been challenged successfully as unconstitutional. We, therefore, need only address two provisions of the Model Act incorporated into Senate bill 63.

■ The first provision is the definition of "paraphernalia" itself. Section 1 of Senate bill 63 would amend RSA 318-B:1 (Supp. 1979) by inserting after paragraph X a lengthy paragraph listing items such as chillums, bongs, electric pipes. The definition of "paraphernalia" also includes many objects that serve legitimate purposes in daily life; indeed, it includes "all equipment, products and

materials of any kind. . . ." The question we must address, therefore, is whether the proposed prohibition is sufficiently clear to provide persons of ordinary intelligence with notice of what the law requires. If it does not provide such notice, then it violates the due process clause of the fourteenth amendment of the federal constitution. *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972); *see State v. Nickerson*, 120 N.H. 821, 824, 424 A.2d 190, 193 (1980); *State v. Albers*, 113 N.H. 132, 133, 303 A.2d 197, 199 (1973).

■■ A statute may be so general as to appear vague but may nevertheless be constitutional if it includes *specific* intent as an element of the crime. *Gasser v. Morgan*, 498 F. Supp. 1154, 1159 (N.D. Ala. 1980); *see Colten v. Kentucky*, 407 U.S. 104, 110 (1972); *Boyce Motor Lines v. United States*, 342 U.S. 337, 342 (1952). The definition of "paraphernalia" in the proposed statute includes articles "used or intended for use" in various activities related to controlled substances. One court has found the term "intended for use" in the definition of "paraphernalia" to be unconstitutionally vague because it permits one person to be found criminally liable based on the intentions of another. *Weiler v. Carpenter*, 507 F. Supp. at 842. The majority of courts, however, have found that the term applies to the accused. *E.g., Record Revolution No. 6, Inc. v. City of Parma*, 638 F.2d at 928–29; *Mid-Atlantic Accessories Trade Ass'n v. Maryland*, 500 F. Supp. at 844. We agree that the latter interpretation is the most logical, as well as the only permissible, one under New Hampshire law. *See State v. Manchester News Co.*, 118 N.H. 255, 260, 387 A.2d 324, 329, *appeal dismissed*, 439 U.S. 949 (1978); RSA 626:2 I.

■ Our conclusion is buttressed by the comments to the Model Act, which provide: "To insure that innocently possessed objects are not classified as drug paraphernalia, . . . [the definition of drug paraphernalia] makes the knowledge or criminal intent of the person in control of an object a key element. . . ." Because the definition of "paraphernalia" includes an element of specific intent, it puts the average person on notice that his conduct may be illegal. That portion of the statute, therefore, is not unconstitutionally vague.

■ The other provision of the Model Act that at least one court has found unconstitutional is the proposed amendment to RSA 318-B:2 (Supp. 1979) ("Acts Prohibited"). As amended, RSA 318-B:2 (Supp. 1979) would provide:

"III. It shall be unlawful for any person to place in any newspaper, magazine, handbill, or other publication

> any advertisement, knowing that the purpose of the advertisement, in whole or *in part*, is to promote the sale of objects intended for use as drug paraphernalia."

(Emphasis added.) That proposed provision seeks to control advertising only. The first amendment of the federal constitution protects commercial speech, *Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 761–62 (1976), but the protection is not as broad as that afforded other forms of expression. *Central Hudson Gas v. Public Service Comm'n*, 447 U.S. 557, 563–64 (1980). Consequently, the government may ban commercial speech related to illegal activity. *Pittsburgh Press Co. v. Pittsburgh Comm'n on Human Relations*, 413 U.S. 376, 388–89 (1973).

Several courts have found the provision of the Model Act identical to that cited above constitutional because the advertising sought to be regulated pertains to illegal activity. *New England Accessories Trade Ass'n, Inc. v. City of Nashua supra*, slip op. at 17; *Mid-Atlantic Accessories Trade Ass'n v. Maryland*, 500 F. Supp. at 850. The Court of Appeals for the Sixth Circuit, however, found that that provision violated the first amendment's free speech protection because the words "promote in part" could "allow the ban of speech discussing the reform of drug laws or speech glorifying the drug culture." *Record Revolution No. 6, Inc. v. City of Parma*, 638 F.2d at 937. We agree with the latter decision.

■ Even in the area of regulation of commercial speech, government restrictions on first amendment rights must be narrowly drawn. *Central Hudson Gas v. Public Service Comm'n supra*. Although the comments to the Model Act indicate otherwise, we agree with the Court of Appeals for the Sixth Circuit that the language of the statute is broad enough to apply to speech entitled to full first amendment protection and is therefore unconstitutional. *Record Revolution No. 6, Inc. v. City of Parma supra*. For those reasons, we also find that proposed statute RSA 318-B:2 III violates part 1, article 22 of the New Hampshire Constitution. The State could better achieve its legitimate goal of curbing the use of controlled substances by adopting the standard used in obscenity cases, where the work is viewed "as a whole" before it can be determined to be obscene. *See Miller v. California*, 413 U.S. 15, 24 (1973).

We note that the question before us has not arisen in a traditional adversary proceeding and that we do not have a record to review. Further, the United States Court of Appeals for the First

Circuit, *New England Accessories Trade Ass'n, Inc. v. City of Nashua*, No. 80-530-D (D.N.H. Dec. 8, 1980), *appeal docketed*, No. 80-1822 (1st Cir. Dec. 23, 1980), as well as the Supreme Court of the United States, *The Flipside, Hoffman Estates, Inc. v. Village of Hoffman Estates*, 485 F. Supp. 400 (N.D. Ill. 1980), *rev'd*, 639 F.2d 373 (7th Cir. 1981), *cert. granted*, 101 S.Ct. 3028 (1981), currently have under review cases raising constitutional challenges to paraphernalia laws. A more definitive answer will thus be forthcoming at least with regard to the federal constitution.

In conclusion, we find that the proposed statute, which is aimed at curbing the use of drug paraphernalia, is constitutional except for the language in proposed RSA 318-B:2 III that would ban advertisements promoting "in part" the sale of drug paraphernalia.

WILLIAM A. GRIMES
MAURICE P. BOIS
CHARLES G. DOUGLAS, III
DAVID A. BROCK
JOHN W. KING

June 12, 1981