679 F.2d 1
 NEW ENGLAND ACCESSORIES TRADE ASSOCIATION, INC., Kanko,
Inc., and Stuart Tulchinsky, Plaintiffs-Appellants,
v.
CITY OF NASHUA, et al., Defendants-Appellees.
NEW ENGLAND ACCESSORIES TRADE ASSOCIATION, INC., Kanko,
Inc., and Stuart Tulchinsky, Plaintiffs-Appellants,
v.
STATE OF NEW HAMPSHIRE and Gregory H. Smith In His Official
Capacity As Attorney General of the State of New
Hampshire, Defendants-Appellees.
 Nos. 80-1822, 81-1668.
 United States Court of Appeals,
First Circuit.
 Argued March 1, 1982.
Decided May 24, 1982.
 
 James M. Smith, Denver, Colo., with whom Tower, Bean & Crocker, Jaffrey, N. H., was on brief, for plaintiffs-appellants.
 H. Philip Howorth, Nashua, N. H., for defendants-appellees City of Nashua, et al.
 Martha V. Gordon, Asst. Atty. Gen., Criminal Justice Division, with whom Gregory H. Smith, Atty. Gen., Concord, N. H., was on brief, for the State of New Hampshire, et al.
 Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.
 BOWNES, Circuit Judge.
 
 
 1
 Appellants, who are the same in both cases,[1] appeal two decisions of the district court upholding the constitutionality of the drug paraphernalia ordinance of the City of Nashua, New Hampshire, and New Hampshire's drug paraphernalia statute. Although the cases were heard and decided separately, they are identical in many respects. The complaints in both cases allege that the action arises under the first, fourth, eighth, and fourteenth amendments. Each complaint states, "Plaintiffs seek prospective relief under 42 U.S.C. § 1983." And, in both cases, plaintiffs sought preliminary and permanent injunctive relief.
 
 
 2
 After holding a hearing pursuant to Federal Rule of Civil Procedure 65(a)(2), the district court, in a comprehensive opinion, rejected plaintiffs' constitutional attack on the ordinance. The case involving the state statute, which was enacted subsequent to the ordinance, was heard ten months later. The district court, relying on its opinion in the ordinance case, denied plaintiffs' request for injunctive relief.
 
 
 3
 We are faced in each case with pre-enforcement facial challenges based on claims that the ordinance and statute are unconstitutionally vague and that they are overbroad in violation of the first amendment guarantee of free speech. Before discussing the statute and ordinance in detail, we think it necessary to outline the contours of our review.
 
 
 4
 In Village of Hoffman Estates, et al. v. Flipside, Hoffman Estates, Inc., --- U.S. ----, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982), the Supreme Court considered a pre-enforcement facial challenge to a drug paraphernalia ordinance on the ground that it was unconstitutionally vague and overbroad. Although the ordinance in question was different from the statute and ordinance here in that it imposed licensing requirements for the sale of drug paraphernalia, not prohibitions, the reasoning of the Court as to how a pre-enforcement facial challenge should be handled applies with full vigor to these cases.
 
 
 5
 In a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. If it does not, then the overbreadth challenge must fail. The court should then examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge only if the enactment is impermissibly vague in all of its applications.
 
 
 6
 Id. at ---- - ----, 102 S.Ct. at 1191 (footnotes omitted).
 
 
 7
 Although both the statute and ordinance are patterned on the Model Drug Paraphernalia Act,[2] they are different in significant respects and will be discussed separately.
 
 
 8
 Following the teaching of Flipside, we turn first to the free speech issue. There are two questions: does it infringe plaintiffs' first amendment rights or the first amendment rights of other parties. Id. at ----, 102 S.Ct. at 1192. The section of the statute allegedly implicating the first amendment provides:
 
 
 9
 It shall be unlawful for any person to place in any newspaper, magazine, handbill or other publication any advertisement knowing that the purpose of the advertisement when viewed as a whole, is to promote the sale of objects intended for use as drug paraphernalia.
 
 
 10
 The statute does restrict the right of plaintiffs to advertise; it is a limitation on commercial speech. "The Constitution therefore accords a lesser protection to commercial speech than to other constitutionally guaranteed expression. The protection available for particular commercial expression turns on the nature both of the expression and of the governmental interests served by its regulation." Central Hudson Gas v. Public Service Commission of New York, 447 U.S. 557, 562-63, 100 S.Ct. 2343, 2349-2350, 65 L.Ed.2d 341 (1980) (citation omitted). Commercial speech does not fall outside the pale of the first amendment merely because it is commercial. See Virginia State Board of Pharmacy, et al. v. Virginia Citizens Consumer Council, Inc., et al., 425 U.S. 748, 758-61, 96 S.Ct. 1817, 1823-1825, 48 L.Ed.2d 346 (1976). And, "speech is not rendered commercial by the mere fact that it relates to an advertisement." Pittsburgh Press Co. v. Pittsburgh Commission on Human Relations, et al., 413 U.S. 376, 384, 93 S.Ct. 2553, 2558, 37 L.Ed.2d 669 (1973).
 
 
 11
 Appellants argue that the first amendment must be invoked because the statute makes it illegal to place an advertisement promoting the sale of drug paraphernalia outside the state, even if the sale of drug paraphernalia is legal in jurisdictions outside the state. They rely on Bigelow v. Virginia, 421 U.S. 809, 95 S.Ct. 2222, 44 L.Ed.2d 600 (1974), which held that the first amendment barred Virginia from prosecuting a person who published advertisements stating that abortions were available in New York. A Virginia statute made it a misdemeanor to encourage or prompt the procuring of an abortion by the sale or circulation of any publication. We do not think the nature of the advertisement in this case and the governmental interests served by its prohibition are comparable with the protected advertisement in Bigelow. It is important to recognize that the statute here, read as a whole, is aimed at conduct that is criminal in all jurisdictions-the ingestion of illegal drugs into the human body. Although the sale of drug paraphernalia is legal in many jurisdictions, the use of them to ingest those drugs on the controlled substances list is part of the crime of "illegal possession." Unlike the prescription drug price statute in Virginia Board of Pharmacy which did not propose illegal transactions, the advertisement proscribed here promotes activity which has been determined to be criminal in all jurisdictions. If New York, or some other state, decided to legalize the sale and use of marijuana, New Hampshire would have greater difficulty under Bigelow prohibiting an advertisement suggesting that the Big Apple was the place to get high on marijuana. But that is not the situation before us. "For commercial speech to come within that provision (the first amendment), it at least must concern lawful activity and not be misleading." Central Hudson Gas v. Service Comm'n, 447 U.S. at 566, 100 S.Ct. at 2351. See Flipside, --- U.S. at ----, 102 S.Ct. at 1192. As was pointed out by the Eighth Circuit in a similar case, the statute forbids only advertisements which "promote the sale of objects designed or intended for use as drug paraphernalia. The statute does not reach speech which merely glorifies the drug culture without direct invitation to purchase specific items." Casbah, Inc. v. Thone, 651 F.2d 551, 563 (8th Cir. 1981), cert. denied, --- U.S. ----, 102 S.Ct. 1642, 71 L.Ed.2d 874 (1982), reh'g denied, --- U.S. ----, 102 S.Ct. 2023, 72 L.Ed.2d ---- (1982). It is also important to note that, under the statute, actual knowledge of the purpose of the advertisement is required. This is a further limitation on the scope of the prohibition.
 
 
 12
 We conclude that the statute does not unconstitutionally impinge on the first amendment rights of the plaintiffs. The question of whether the statute is unconstitutionally overbroad because it inhibits the first amendment rights or others is irrelevant "because the overbreadth doctrine does not apply to commercial speech." Flipside, --- U.S. at ----, 102 S.Ct. at 1192.
 
 
 13
 We now turn to the section of the ordinance prohibiting advertising:
 
 
 14
 It is unlawful for any person to place in any newspaper, magazine, handbill or other publication any advertisement knowing or under circumstances where one reasonably should know, that the purpose of the advertisement, in whole or in part, is to promote the sale of objects designed or intended for use as drug paraphernalia. (emphasis added).
 
 
 15
 The wording of the ordinance raises potentially serious first amendment problems because protected speech might be implicated. As the Sixth Circuit has pointed out, the use of the words "in part" could result in the suppressing of speech urging the reform of drug laws or espousing the drug culture. Record Revolution No. 6, Inc. v. City of Parma, et al., 638 F.2d 916, 937 (6th Cir. 1980), vacated and remanded, 451 U.S. 1013, 101 S.Ct. 2998, 69 L.Ed.2d 384 (1981). In addition, the "reasonably should know" language could leave the interpretation of what is forbidden up to the subjective opinion of the enforcing officer and allow enforcement against protected speech.
 
 
 16
 The posture of the case, however, makes us hesitate to declare it unconstitutional. The Supreme Court has emphasized that overbreadth facial challenges to the constitutionality of a state law should prevail only in rare circumstances.
 
 
 17
 It remains a "matter of no little difficulty" to determine when a law may properly be held void on its face and when "such summary action" is inappropriate. Coates v. City of Cincinnati, 402 U.S. 611, 617 (91 S.Ct. 1686, 1690, 29 L.Ed.2d 214) (1971) (opinion of Black, J.). But the plain import of our cases is, at the very least, that facial overbreadth adjudication is an exception to our traditional rules of practice and that its function, a limited one at the outset, attenuates as the otherwise unprotected behavior that it forbids the State to sanction moves from "pure speech" toward conduct and that conduct-even if expressive-falls within the scope of otherwise valid criminal laws that reflect legitimate state interests in maintaining comprehensive controls over harmful, constitutionally unprotected conduct. Although such laws, if too broadly worded, may deter protected speech to some unknown extent, there comes a point where that effect-at best a prediction-cannot, with confidence, justify invalidating a statute on its face and so prohibiting a State from enforcing the statute against conduct that is admittedly within its power to proscribe. Cf. Alderman v. United States, 394 U.S. 165, 174-175 (89 S.Ct. 961, 966-967, 22 L.Ed.2d 176) (1969). To put the matter another way, particularly where conduct and not merely speech is involved, we believe that the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep.
 
 
 18
 Broadrick v. Oklahoma, 413 U.S. 601, 615, 93 S.Ct. 2908, 2917, 37 L.Ed.2d 830 (1973).
 
 
 19
 In addition to the restraints imposed by the nature of the challenge to the ordinance, there are other factors that convince us that we should stay our hand. In an advisory opinion on the constitutionality of a similar provision in the Model Drug Act, the New Hampshire Supreme Court found "that the proposed statute ... is constitutional except for the language ... that would ban advertisements promoting 'in part' the sale of drug paraphernalia." Opinion of the Justices, N.H., 431 A.2d 152, 156 (1981). This opinion resulted in the statute which we have found withstands a first amendment constitutional attack. If the language "where one reasonably should know" and "in part" are ignored, the ordinance can be enforced without impinging on first amendment rights. We are loath to believe that, in the face of the opinion by the New Hampshire Supreme Court and the wording of the state statute, the city of Nashua will enforce the ordinance willy-nilly without regard to its potential first amendment implications. Consequently, we find that the ordinance is not likely to reach a substantial amount of constitutionally protected conduct. Flipside, --- U.S. at ----, 102 S.Ct. at 1189. See Brache v. County of Westchester, 658 F.2d 47, 54 (2d Cir. 1981), cert. denied, --- U.S. ----, 102 S.Ct. 1643, 71 L.Ed.2d 874 (1982), where the court held in rejecting a pre-enforcement facial challenge to a drug paraphernalia ordinance that because the ordinance was valid in some instances consideration of the validity of the ordinance's possible application in other instances "constituted an unwarranted interference with good faith local law enforcement."
 
 
 20
 Considering all of the factors involved, we refrain from declaring the ordinance unconstitutional on first amendment grounds.
 
 
 21
 We turn now to the vagueness issue, keeping in mind that unless the enactment implicates constitutionally protected conduct, we can invalidate it only if it is impermissibly vague in all of its applications. Flipside, --- U.S. at ----, 102 S.Ct. at 1192.
 
 
 22
 Appellants claim that because of vagueness the statute and ordinance violate the due process clause of the fourteenth amendment. The main thrust of appellants' argument can be characterized as one of "transferred intent," that it permits prosecution of one person on the basis of the unknown intent of another.
 
 
 23
 We focus first on the statute which provides:
 
 
 24
 It shall be unlawful for any person to deliver, possess with intent to deliver or manufacture with intent to deliver, drug paraphernalia, knowing that it will be used to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance. (emphasis added).
 
 
 25
 The statute then sets forth a number of factors which it suggests should be considered in determining whether an object is drug paraphernalia. Among those listed is the following:
 
 
 26
 (f) Direct or circumstantial evidence of the intent of an owner, or of anyone in control of the object, to deliver it to persons whom he knows intend to use the object to facilitate a violation of this chapter; the innocence of an owner, or of anyone in control of the object, as to a direct violation of this chapter shall not prevent a finding that the object is intended for use as drug paraphernalia.
 
 
 27
 Although the quoted language can be strained to impose the intent of another on the defendant, we do not think that such a reading is fair or accurate. "We cannot subscribe to this interpretation of the statutory language. A fair reading of the statute as a whole indicates that the intent referred to is that of the person alleged to have violated the statute." Casbah, Inc. v. Thone, 651 F.2d at 559. It is to be noted that, although the Sixth Circuit invalidated an ordinance similar to the enactments here for vagueness, it rejected the "transferred intent" attack. "The requirement of knowledge on the part of the defendant, when coupled with use or intended for use in the definition of drug paraphernalia, does provide adequate notice and does sufficiently prevent arrest, prosecution or conviction of persons for innocent activities or mistake." Record Revolution No. 6, Inc. v. City of Parma, 638 F.2d at 934.
 
 
 28
 Of special importance, because we are reviewing a state statute, is the construction given by the highest court of the state. The Supreme Court of New Hampshire has held that the intent must be that of the accused because such "interpretation is the most logical, as well as the only permissible, one under New Hampshire law." Opinion of the Justices, 431 A.2d at 154 (emphasis added).[3] Such construction also meets the due process requirements of the fourteenth amendment. "(A) scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed." Flipside, --- U.S. at ----, 102 S.Ct. at 1193 (footnote omitted).
 
 
 29
 The second prong of appellants' vagueness attack is that the statute does not provide proper standards for law enforcement officials to determine whether a merchant has intentionally sold drug paraphernalia to a customer knowing that it was going to be used with a controlled substance. This is but a variation on the "transferred intent" theme. Appellants go through each of the thirteen factors[4] listed in the section in an attempt to show that they are vague and confusing. We do not think a piecemeal analysis is required. The lead paragraph of the section states: "In determining whether an object is drug paraphernalia under this chapter, a court or other authority should consider, in addition to all other logically relevant factors, the following:" We note that consideration of the factors is not mandatory; the operative word is "should," not "shall." But assuming that the factors are considered and that some of them are part of the basis for a person's arrest and prosecution, this does not reduce in any way the state's burden of proving beyond a reasonable doubt that the accused intended to sell drug paraphernalia knowing that it was to be used by the customer with a controlled substance. "The enumerated factors themselves pose no constitutional problem, and are valuable guides in determining what items are prohibited." Casbah, Inc. v. Thone, 651 F.2d at 560 (citation omitted).
 
 
 30
 Unlike the statute, the ordinance does not require proof of specific intent by the accused, but merely that he sold or delivered drug paraphernalia "knowing or under circumstances where one reasonably should know " that it will be used in the ingestion of controlled drugs. When read together with the list of "logically relevant factors" the "reasonably should know" standard poses a potential threat of arrest, prosecution, and conviction on the impermissible theory of guilt by association. Record Revolution No. 6, Inc. v. City of Parma, 638 F.2d at 933. But this is a potential threat only. We need not repeat here our observations about the posture of the case and the nature of the challenge.[5] The ordinance can only be considered against the background of the advisory opinion of the New Hampshire Supreme Court and the statute that followed. The New Hampshire Supreme Court recognized that the legislature had not included in its drug paraphernalia bill language in the Model Act that other courts had already found to be unconstitutional. Opinion of the Justices, supra, 431 A.2d at 154. We would assume that this was the reason for the omission of the "reasonably should know" language. Although it is not within our province in a pre-enforcement facial challenge case to attempt to reconcile a city ordinance with a later enacted statute covering precisely the same subject, the likelihood that the ordinance will be enforced to meet the standards enunciated by the state reduces the threat that the ordinance will be improperly enforced and therefore precludes us from finding that the ordinance is impermissibly vague on its face.
 
 
 31
 We find both the statute and the ordinance valid on their face.
 
 
 32
 The decision in each case is affirmed.
 
 
 
 [1]
 There are three plaintiffs-appellants. New England Accessories Trade Association, Inc., is a Massachusetts corporation composed of wholesalers, distributors, retailers, and manufacturers "who sell and deliver goods which are, or may be proscribed by the challenged ordinance."
 Kanko, Inc., is a Massachusetts corporation which manufactures, wholesales, and distributes goods "which are or may be proscribed by the challenged ordinance."
 Stuart Tulchinsky is the owner of a store in Nashua, New Hampshire, which sells goods "which are, or may be proscribed by the challenged ordinance."
 We note that the complaint against the state in its first three paragraphs uses the phrase "challenged ordinance." The balance of the complaint does, however, focus explicitly on the state statute so we assume that the word "ordinance" should be "statute" in No. 81-1668, the action against the State of New Hampshire.
 
 
 [2]
 The Act was drafted by the Drug Enforcement Administration of the United States Department of Justice
 
 
 [3]
 At oral argument, counsel for the state emphasized that the statute, which followed the advisory opinion of the New Hampshire Supreme Court, required proof of actual knowledge by the accused
 
 
 [4]
 The factors listed are:
 (a) Statements by an owner or by anyone in control of the object concerning its use;
 (b) Prior convictions, if any, of an owner, or of anyone in control of the object, under any state or federal law relating to any controlled substance;
 (c) The proximity of the object, in time and space, to a direct violation of this chapter;
 (d) The proximity of the object to controlled substances;
 (e) The existence of any residue of controlled substances on the object;
 (f) Direct or circumstantial evidence of the intent of an owner, or of anyone in control of the object, to deliver it to persons whom he knows intend to use the object to facilitate a violation of this chapter; the innocence of an owner, or of anyone in control of the object, as to a direct violation of this chapter shall not prevent a finding that the object is intended for use as drug paraphernalia;
 (g) Instructions, oral or written, provided with the object concerning its use;
 (h) Descriptive materials accompanying the object which explain or depict its use;
 (i) National and local advertising concerning its use;
 (j) The manner in which the object is displayed for sale;
 (k) Direct or circumstantial evidence of the ratio of sales of the objects to the total sales of the business enterprise;
 (l) The existence and scope of legitimate uses for the object in the community; and
 (m) Expert testimony concerning its use.
 
 
 [5]
 For a comprehensive discussion of the law applicable in a pre-enforcement case alleging facial invalidity on the grounds of vagueness, see Brache v. County of Westchester, 658 F.2d 47 (2d Cir. 1981)