**KANSAS RETAIL TRADE COOPERA-
TIVE, et al., Appellants,**

v.

**Robert T. STEPHAN, et al., Appellees.**

No. 81–2162.

United States Court of Appeals,
Tenth Circuit.

Dec. 15, 1982.

James M. Smith, Denver, Colo., for appellants.

James E. Flory, Deputy Atty. Gen., Topeka, Kan. and Neil R. Shortlidge, First Asst. City Atty., Overland Park, Kan. (Robert T. Stephan, Atty. Gen. of Kansas, Topeka, Kan., and Phillip L. Harris, City Atty. and James L. Robinson, Asst. City Atty., Overland Park, Kan., with them on the brief), for appellees.

Before SETH, Chief Judge, and HOLLOWAY and DOYLE, Circuit Judges.

DOYLE, Circuit Judge.

This is a drug paraphernalia case between the plaintiffs, a trade cooperative of manufacturers, distributors and retailers of merchandise which is mainly drug paraphernalia. The law in Kansas is very nearly identical to the Model Act. The statute, H.B. 2020, regulates and controls the use and distribution of this drug paraphernalia. Named as defendants herein are the Kansas Attorney General, State's Attorney and the Chief of Police in each county in which a Kansas plaintiff is located.

The questions deal with the constitutionality of the statute. The law was to have become effective July 1, 1981. The Act prohibits the possession, use, manufacture or delivery of products classified as "drug paraphernalia." The violation of the statute constitutes a Class A misdemeanor, and the plaintiffs seek to have the statute declared facially unconstitutional. The products involved are pipes, clothing, objects d'art, jewelry, spoons and things of that kind. Because of the statute plaintiffs contend they are unable to sell merchandise upon which their business depends. They claim lost income in significant amounts, and that they have lost employees and customers.

The Act referred to is H.B. 2020. It defines the key terms including drug paraphernalia which is defined as "all equipment, products and materials of any kind which are used or intended for use in growing, processing or ingesting into the human body a controlled substance in violation of the Uniform Controlled Substances Act."

Subsection (c) of Section One defines drug paraphernalia as including, without limiting to, twelve groups of objects.

Section Two has a total of fourteen elements which are to be considered in making a determination as to whether or not an item is drug paraphernalia.

Sections Three and Four are identical to the Model Act. Section Three makes it a Class A misdemeanor to use or possess any simulated controlled substance or drug paraphernalia. Section Four makes it the same grade of crime to "deliver, possess with intent to deliver, manufacture with intent to deliver or cause to be delivered" within Kansas any simulated controlled substance or drug paraphernalia knowing "or under circumstances where one reason-

ably should know" that it will be used as drug paraphernalia with a controlled substance.

Section Five makes it a crime to advertise the sale of drug paraphernalia within the state when the person placing the ad knows, or reasonably should know, that the item for sale is drug paraphernalia.

Section Six is not included in the Model Act. It makes it illegal to deliver simulated controlled substances.

Section Seven provides the mechanism for seizure and civil forfeiture of all drug paraphernalia and simulated controlled substances. Section Eight provides for the severability of unconstitutional sections of the Act.

The opinion of the trial court, 522 F.Supp. 632, upheld the entire Drug Paraphernalia Act, except for Section Five, having to do with advertising. It held that this was overbroad because it prohibits advertising in Kansas the sale of objects which are legal in other states. The court distinguished the Colorado Act which only prohibited advertisements promoting the sale of drug paraphernalia in Colorado. This was severed from the remainder of the Kansas Act so that these remaining sections will continue to be in effect.

█ We first consider the contention that the statute is vague and overbroad. The contention is that the definition of drug paraphernalia in the Act is so vague and overbroad that an ordinary person would not have fair notice of the criminal activity proscribed, and on that basis it should be held unconstitutional. Their further argument is that the specific intent requirement of the Act does not save the Act from unconstitutional vagueness.

The language in the Colorado Statute discussed in *Hejira Corp. v. MacFarlane*, 660 F.2d 1356 (10th Cir.1981), as compared to the language in the Kansas statute, adopted the reasoning that such language would always require proof of a possessor's or seller's intent. H.B. 2020 makes it necessary, in order to have a conviction, that a person possess, sell or manufacture an item

with the intent that the item be drug paraphernalia. Since the person must actually intend that an item be drug paraphernalia he has notice of his criminal act and due process is satisfied.

We are of the opinion that our decision in *Hejira* is dispositive of the present issue. The Kansas statute has eliminated the "designed for use" definition and merely says "used or intended for use". In *Hejira* we held that "in view of the fact that the definition of drug paraphernalia in the Colorado Drug Paraphernalia Act requires intent on the part of a violator, be he possessor or seller, * * * the statute is not unconstitutionally vague on its face with regard to the issue of subjective intent." 660 F.2d at 1367.

In *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982), it was held by the Supreme Court that unless the enactment implicates constitutionally protected conduct, it can only be invalidated if it is impermissibly vague in all of its applications. *Id.* 102 S.Ct. at 1191 and 1193. The language of the Court also was that, "the Court has recognized that a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed." *Id.* 102 S.Ct. at 1193.

In recent days other courts have upheld state drug paraphernalia laws which have been challenged for vagueness. In *Levas and Levas v. Village of Antioch, Ill.*, 684 F.2d 446 (7th Cir.1982), it was recognized that intent ameliorates the vagueness aspect when the intent feature plays a part. *See also, The Casbah, Inc. v. Thone*, 651 F.2d 551 (8th Cir.1981); *Tobacco Accessories v. Treen*, 681 F.2d 378 (5th Cir.1982); *Florida Businessmen, v. City of Hollywood*, 673 F.2d 1213 (11th Cir.1982) and *New England Accessories Trade Association, Inc. v. Tierney*, 691 F.2d 35 (1st Cir.1982).

A drug paraphernalia law has been found to be unconstitutional in only one circuit, *Record Revolution No. 6, Inc. v. City of Parma*, 638 F.2d 916, 934–936 (6th Cir.1980),

vacated and remanded, 456 U.S. 968, 102 S.Ct. 2227, 72 L.Ed.2d 840 (1982). The position of the Sixth Circuit in that case was that scienter coupled with the definition of drug paraphernalia would obviate the vagueness problem, but the designed for use language was vague, overbroad and unseverable. We have already noted the Supreme Court reversed and remanded the case to be reconsidered in light of *Hoffman Estates, supra,* which held the designed for use standard to be sufficiently clear to cover at least some of the items the plaintiff sold.

█ The intent factor is contended to be invalid as it is contained in Section 4(a) which prohibits the delivery or manufacture of drug paraphernalia "knowing or under circumstances where one reasonably should know" that the item will be used to ingest, process or cultivate illicit drugs. The appellants contend that it would permit a person to be prosecuted based on the unknown intent of a third party. Since a seller or manufacturer cannot know what the ultimate recipient intends to do with an item, a seller or manufacturer cannot know whether his act is criminal. The Colorado statute had no similar language, so *Hejira* does not dispose of the question. The trial court interpreted Kansas H.B. 2020 to require that a prosecutor prove (1) that the defendant seller or manufacturer intended the item to be drug paraphernalia, and (2) that the defendant knew, or acted under circumstances where one reasonably should know, that the ultimate buyer would use the item as drug paraphernalia. Moreover, other criminal statutes with the "reasonably should know" standard have been upheld.

Other recent cases have addressed this question and are in accord with the trial court. *New England Accessories Trade Association, Inc. v. Tierney, supra.* There the court rejected an attack on the "reasonably should know" standard because "in view of the definitional section—which, as interpreted, renders an item in a seller's hands drug paraphernalia only if the seller intends it to be used with scheduled drugs—constructive knowledge of the buyer's purpose

alone is not enough for conviction." At pages 36–37. In *Casbah, Inc. v. Thone, supra,* at 56, the court said that "seller must already have intended that the item be sold for drug use before his knowledge of its use by a buyer comes into play. * * * In these circumstances it is not unconstitutionally improper that the seller be required to open his eyes to the objective realities of sale." *See also, Florida Businessmen v. City of Hollywood, supra,* at 1220, which rejected a challenge to the "reasonably should know" standard in the Florida Drug Paraphernalia Act.

There is every reason to uphold the trial court's ruling on this question.

█ Appellants further contend that the Act is so drafted as to encourage arbitrary and discriminatory enforcement. They point to the fourteen factors in Section Two and contend that they are too vague to guide law enforcement officials in determining whether the law has been violated. Section Two is identical to Article I of the Model Act. The Colorado statute upheld in *Hejira* included all but three of these factors. Therefore, the district court only addressed these three, finding *Hejira* controlling as to the other factors. Its position is, of course, to rely on *Hejira* with respect to the same eleven factors.

The three factors not included are (1) prior convictions involving controlled substances, (2) the proximity of the object to a direct violation of the Uniform Controlled Substances Act, and (3) evidence regarding the ratio of sales of the questionable objects to total sales of the business. Several circuit courts have approved all fourteen factors as a guide in determining when an object is drug paraphernalia. *See Casbah, Inc. v. Thone, supra, New England Accessories Trade Association, Inc. v. Tierney, supra, Levas and Levas v. Village of Antioch, Ill., supra,* and *New England Accessories Trade Association, Inc. v. City of Nashua,* 679 F.2d 1 (1st Cir.1982), wherein thirteen factors were upheld, including the three in question in this case.

Turning to the *Hoffman* decision of the Supreme Court, it was pointed out that in

reviewing a pre-enforcement challenge to a law, the principal inquiry is whether the law affords fair warning of what is proscribed. "Here no evidence has been, or could be, introduced to indicate whether the ordinance has been enforced in a discriminatory manner or with the aim of inhibiting unpopular speech. The language of the ordinance is sufficiently clear that the speculative danger of arbitrary enforcement does not render the ordinance void for vagueness." 102 S.Ct. 1196. In *Florida Businessmen v. City of Hollywood,* 673 F.2d at 1220, the court said: "Regardless of the risk of discriminatory enforcement, the Merchants may raise this claim only in a post enforcement proceeding when the possibility of selective enforcement has ripened into a prosecution."

In *Hejira* we recognized that there are sometimes going to be differences in applying objective standards, and we further said that, "thus, the fact that different minds may reach different results when seeking to determine whether a given object falls within the statutory definition of drug paraphernalia does not necessarily render the statute void for vagueness." 660 F.2d at 1367.

It was pointed out by the district court that none of the fourteen factors create a presumption that a certain item is drug paraphernalia. Rather the factors are only to be considered in making a determination regarding drug paraphernalia. The trial court has found the three questioned factors highly relevant and not unconstitutionally vague. We find no authority or reasoning which would justify overturning that decision.

■ We turn to the appellant's argument that in Section One (c), the phrase "drug paraphernalia shall include 'certain specific items'" creates a mandatory presumption that certain lawful objects are drug paraphernalia without any intent requirement. The Model Act says, "It [that is, drug paraphernalia] includes, but is not limited to * * * *", and then lists the same items as the Kansas Act. The Colorado Act does not contain a similar section so this question

was not addressed in *Hejira.* The trial court looked at the comment section of the Model Act which makes it clear that the detailed list of objects can fall within the definition of drug paraphernalia only if used or intended for use with a controlled substance. With the intent requirements in other sections of the Kansas statute, the trial court found that no irrebuttable presumption was created with the use of "shall".

The Sixth Circuit considered the question of an irrebuttable presumption that certain items were drug paraphernalia by their inclusion in a list in the definitional section of the city ordinances in *Record Revolution No. 6, Inc. v. City of Parma,* 638 F.2d at 932. The court found that an irrebuttable presumption did not exist, but rather that the "statutory language indicates that the listed items are only examples of items which could be drug paraphernalia." *Id.* The Eighth Circuit is in accord. *Casbah, Inc. v. Thone,* 651 F.2d at 560. "We find no flaw in the list of exemplary items because no item is drug paraphernalia absent the requisite intent to use it 'with controlled substances.'" *Id.*

We are not persuaded by the argument that the trial court decision on this was incorrect.

■ Finally we consider the advertising, and we point out that neither party has challenged the trial court decision in this. The trial court found that Section Five was geographically overbroad and that it prohibited advertisements in Kansas of items that are legal in other states. This, the court felt, surpassed the state's power to protect its own residents "from the social evils associated with the sale of drug paraphernalia." However, in *Hoffman* the Supreme Court held that the overbreadth doctrine did not apply to commercial speech. 102 S.Ct. at 1192. This means that the advertising section of the Kansas Act, Section Five, would be constitutional even if it were overly broad since the only speech affected by the prohibition is commercial speech. From the Supreme Court's holding it is to be concluded that Section Five of

the Kansas Act would be constitutional even if it were overly broad, since the only speech affected is commercial speech.

Accordingly, the judgment of the district court, with the one small exception as to the advertising, is affirmed.

As to the advertising aspect referred to above, we are constrained to reverse. It is so ordered.