WASHINGTON MERCANTILE ASSOCI-
ATION, a Washington nonprofit corpo-
ration, et al., Plaintiffs-Appellees,

v.

Donald H. WILLIAMS, et al.,
Defendants-Appellants.

No. 83–3907.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 1984.

Decided May 17, 1984.

Timothy Ford, Seattle, Wash., for plaintiffs-appellees.

John R. Wasberg, Asst. Atty. Gen., Seattle, Wash., for defendants-appellants.

Before WRIGHT, GOODWIN, and NORRIS, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

At issue here is the constitutionality of a state's ban on advertisements for the sale of drug paraphernalia when the sale of that paraphernalia is illegal in the regulating state. The district court ruled that the advertising ban unconstitutionally inhibits speech protected by the First Amendment. U.S. Const. amend. I. The court enjoined the enforcement of the statute and the interested state officials appeal.

BACKGROUND

Appellees, merchants and publishers of a periodical, sued in 1981 for declaratory and injunctive relief from enforcement of Washington's anti-drug paraphernalia law. While the action was pending, this court considered a similar challenge to Montana's anti-drug paraphernalia law, *Stoianoff v. State of Montana*, 695 F.2d 1214 (9th Cir. 1983). That act is virtually identical to that of Washington, except that only Montana prohibits the possession of paraphernalia. *Compare* Mont.Code Ann. §§ 45–10–101 to –107 (1983) *with* Wash.Rev.Code §§ 69.50.-102, .412, .505 (1983). Both are patterned closely after the Model Drug Paraphernalia Act authored by the Drug Enforcement Administration of the United States Department of Justice.

The district court in *Stoianoff* held that the Montana anti-drug paraphernalia act was constitutional except for its prohibition of advertisements for paraphernalia, which unconstitutionally infringed First Amendment rights. This court affirmed the finding of constitutionality, holding that the law was not subject to pre-enforcement attack on grounds of overbreadth or vagueness. *Stoianoff*, 695 F.2d at 1217–23. We held that the plaintiff did not have standing to challenge the advertising prohibition and vacated that portion of the district court's decision. *Id.* at 1223–24.

In light of *Stoianoff*, all claims except those relating to the advertising prohibition of the Washington law were resolved by agreement of the parties.

I. STANDING

█ In this pre-enforcement facial challenge to a criminal statute, the standing issues are complicated. Normally, the plaintiff must show a genuine threat of imminent prosecution under the challenged statute to establish a justiciable case or controversy. *Steffel v. Thompson*, 415

U.S. 452, 458–59, 94 S.Ct. 1209, 1215–16, 39 L.Ed.2d 505 (1974).

■ If First Amendment speech rights are involved, the plaintiff may assert the rights of others in a facial challenge for overbreadth. *Broadrick v. Oklahoma*, 413 U.S. 601, 611–12, 93 S.Ct. 2908, 2915–16, 37 L.Ed.2d 830 (1973). However, the Supreme Court held recently that the overbreadth doctrine does not apply to commercial speech. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 497, 102 S.Ct. 1186, 1192, 71 L.Ed.2d 362 (1982) (*Flipside*). If this statute affects only commercial speech, plaintiffs have standing to assert only constitutional interests relevant to their own activities.

■ The State concedes that plaintiff Rocket Publishing Empire, Inc. (Rocket) has standing to challenge the paraphernalia advertising ban on the ground that it unconstitutionally infringes some commercial speech rights. It contends that Rocket does *not* have standing to assert the rights of out-of-state advertisers to advertise in Washington to promote transactions in other states that are legal in those states.

The district court found that Rocket's publication carries drug paraphernalia advertisements for businesses in and outside of Washington and circulates in and outside of the state. That finding is not clearly erroneous.

Even if only commercial speech is implicated here, thus precluding the assertion by Rocket of the rights of others, Rocket nonetheless has standing to raise the issue of advertisements for out-of-state transactions because the statutory restriction on that speech has a direct impact on Rocket.

## II. FIRST AMENDMENT ANALYSIS

■ Our First Amendment analysis begins with an evaluation of the type of speech threatened by the challenged action. A distinction is drawn between commercial speech and other varieties of speech. *Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447, 455–56, 98 S.Ct. 1912, 1918–19, 56 L.Ed.2d 444 (1978). If commercial speech only is threatened, the requirements of the First Amendment are less rigorous. *Central Hudson Gas & Electric v. Public Service Comm'n*, 447 U.S. 557, 562 n. 5, 100 S.Ct. 2343, 2349 n. 5, 65 L.Ed.2d 341 (1980).

### A. Commercial or Noncommercial Speech?

The challenged statute provides:

It is unlawful for any person to place in any newspaper, magazine, handbill, or other publication any advertisement, knowing, or under circumstances where one reasonably should know, that the purpose of the advertisement, in whole or in part, is to promote the sale of objects designed or intended for use as drug paraphernalia. Any person who violates this subsection is guilty of a misdemeanor.

Wash.Rev.Code § 69.50.412(4). Rocket contends that the prohibition is not limited to commercial speech.

■ The Supreme Court has devised no single definitive test to identify commercial speech. The Court has said that commercial speech is "expression related solely to the economic interests of the speaker and its audience." *Central Hudson*, 447 U.S. at 561, 100 S.Ct. at 2348. The Court also has defined commercial speech as "speech proposing a commercial transaction." *Id.* at 562, 100 S.Ct. at 2349 (quoting *Ohralik*, 436 U.S. at 455–56, 98 S.Ct. at 1918–19).

Rocket argues that the statute prohibits advertisements that do not propose a commercial transaction. It contends that the statute prohibits advertisements of political opinion critical of anti-drug paraphernalia laws by those who have an economic interest in drug paraphernalia sales.

The First Circuit agrees, noting that the use of the words "purpose ... in part, is to promote the sale of ... drug paraphernalia" could include speech urging reform of drug laws or relating to the drug culture. *New England Accessories Trade Ass'n, Inc. v. City of Nashua*, 679 F.2d 1, 4 (1st Cir.1982) (New Hampshire statute). Nevertheless, the court rejected the pre-enforcement challenge to the statute because

the New Hampshire Supreme Court had held that phrase unconstitutional in an advisory opinion on the Model Drug Paraphernalia Act, and the circuit court did not anticipate enforcement. *Id.* at 5; *see Opinion of the Justices*, 121 N.H. 542, 431 A.2d 152, 156 (1981).

The First Circuit found that the New Hampshire statute was unlikely to reach a substantial amount of constitutionally protected conduct. *Nashua*, 679 F.2d at 5. The court concluded that the pre-enforcement facial challenge should be rejected to avoid "unwarranted interference with good faith local law enforcement." *Id.* (quoting *Brache v. County of Westchester*, 658 F.2d 47, 54 (2d Cir.1981), *cert. denied*, 455 U.S. 1005, 102 S.Ct. 1643, 71 L.Ed.2d 874 (1982)).

We do not interpret the Washington statute so broadly. We believe that the Washington legislature intended only to prohibit advertising promoting the sale of drug paraphernalia and that it did not intend to regulate advertisements commenting on the wisdom of drug paraphernalia laws or other forms of noncommercial speech. Needless to say, if the legislature had intended to reach noncommercial speech, serious additional first amendment questions would be raised.

We draw support from the fact that three other circuits have held that the language of similar advertising prohibitions do not include noncommercial speech. One concluded specifically that the ban does not reach political comment on the wisdom or efficiency of drug laws. *Florida Businessmen for Free Enterprise v. City of Hollywood*, 673 F.2d 1213, 1217 (11th Cir. 1982). Another concluded that it does not reach speech glorifying the drug culture without direct invitation to purchase specific paraphernalia. *Casbah, Inc. v. Thone*, 651 F.2d 551, 563 (8th Cir.1981), *cert. denied*, 455 U.S. 1005, 102 S.Ct. 1642, 71 L.Ed.2d 874 (1982). *See also Weiler v. Carpenter*, 695 F.2d 1348, 1350 (10th Cir. 1982).

In *Stoianoff*, we held that the merchant plaintiff had no standing to challenge the advertising prohibition because standing to assert facial overbreadth is not applicable to interests in commercial speech. *Stoianoff*, 695 F.2d 1214, 1223–24. A necessary premise was that only commercial speech was affected by the statute.

Logically interpreted, the statutory language prohibits only advertisements proposing specific commercial transactions. We join the majority of the circuits in holding that only commercial speech is implicated by this advertising ban.

### B. *Central Hudson Analysis*

The Supreme Court established a four-part analysis of regulation of commercial speech in *Central Hudson:* (1) Is the speech protected by the First Amendment? (2) Is the claimed government interest substantial? If both questions are answered "yes," the last two questions are addressed: (3) Does the statute directly advance that government interest? (4) Is the statute more restrictive than is necessary to serve that interest? *Central Hudson*, 447 U.S. at 566, 100 S.Ct. at 2351.

The State contends that the district court's finding of geographical overbreadth is erroneous because the doctrine of overbreadth is inapplicable to commercial speech cases, citing *Flipside*, 455 U.S. at 496–97, 102 S.Ct. at 1192–93. *See Kansas Retail Trade Co-operative v. Stephan*, 695 F.2d 1343, 1347 (10th Cir.1982). The cited language in *Flipside* refers to its standing analysis only. *See Casbah*, 651 F.2d at 564 n. 19.

The district court relied on *Bigelow v. Virginia*, 421 U.S. 809, 95 S.Ct. 2222, 44 L.Ed.2d 600 (1975), for its analysis of the geographic implications of the advertising prohibition. That analysis, as the State concedes, was a precursor of the balancing in *Central Hudson*'s third and fourth factors. Other circuits that have considered the issue have applied the *Central Hudson* analysis to this issue. *See, e.g., Nashua*, 679 F.2d at 3–4; *Hollywood*, 673 F.2d at 1217, *Casbah*, 651 F.2d at 564.

### 1. Protected Speech

■ Commercial speech must at least be accurate and concern lawful activity to enjoy First Amendment protection. *Central Hudson*, 447 U.S. at 566, 100 S.Ct. at 2351. The State argues that the speech involved here is not protected because selling drug paraphernalia is illegal in Washington and because the underlying activity, use of illicit drugs, is illegal in every state. One circuit court has found that paraphernalia advertisements are unprotected because they promote illegal drug use. *Hollywood*, 673 F.2d 1213, 1217. *See also Camille Corp. v. Phares*, 705 F.2d 223, 227 n. 2 (7th Cir.1983) (dictum).

■ Sale or delivery of drug paraphernalia is illegal in Washington, Wash.Rev.Code § 69.50.412(2), so advertisements for sales in or mail orders from Washington are unprotected speech. *Stoianoff*, 695 F.2d at 1218. In contrast, the advertiser who proposes a transaction in a state where the transaction is legal is promoting a legal activity. Its speech deserves First Amendment protection. *See Bigelow*, 421 U.S. at 824–25, 95 S.Ct. at 2234; *Casbah*, 651 F.2d at 564 n. 19 (dictum).

### 2. Substantial Government Interest

The government interest at stake here is the inhibition of illegal drug use. *See Flipside*, 455 U.S. at 496, 102 S.Ct. at 1192. Rocket does not deny that the interest is substantial.

### 3. Advancing the Government Interest

Rocket argues that a factual issue remains as to whether the advertising ban advances the asserted government interest. Both the Supreme Court and this circuit have held that regulating drug paraphernalia has a rational relationship to discouraging drug use. *Flipside*, 455 U.S. at 497 n. 9, 102 S.Ct. at 1192 n. 9; *Stoianoff*, 695 F.2d at 1223.

### 4. Statute More Restrictive than Necessary

■ Because advertisements proposing transactions in Washington are unprotect-ed speech they are irrelevant at this point in the *Central Hudson* analysis. The issue is whether Washington's prohibition on advertisements for out-of-state, legal transactions is more restrictive than necessary to advance its goal.

Only one circuit court has ruled on this specific issue. The First Circuit held that because paraphernalia advertisements promote activity that is criminal in all jurisdictions, the ban on those advertisements is constitutional. *Nashua*, 679 F.2d 1, 3–4. *But see Ravin v. State*, 537 P.2d 494 (Alaska 1975) (personal use of marijuana constitutionally unpunishable). The Eighth Circuit, in declining to decide the specific issue here, noted that there "may be merit" to the argument that the First Amendment interests of out-of-state advertisers are impermissibly infringed. *Casbah*, 651 F.2d at 564 n. 19.

The Supreme Court has established that a state has a legitimate interest in regulating the sale of drug paraphernalia. *Flipside*, 455 U.S. at 497 n. 9, 102 S.Ct. at 1192 n. 9. We believe that Washington's prohibition on advertisements for out-of-state transactions is rationally related to the promotion of this interest. If such advertisements were not prohibited, out-of-state advertisers might undermine Washington's efforts to regulate the sale of paraphernalia by encouraging Washington residents to purchase paraphernalia out-of-state and then transport it back to Washington. In this context, we note that Oregon currently permits the sale of drug paraphernalia. Thus, we conclude that in this case "[t]he regulatory technique ... extend[s] only as far as the interest it serves." *Central Hudson*, 447 U.S. at 565, 100 S.Ct. at 2351.

The Washington advertising ban may have a negative impact on out-of-state advertisers and on national and regional periodicals relating to the drug culture. Periodicals must delete drug paraphernalia advertisements if they are distributed in Washington. Washingtonians' access to those periodicals probably will be restricted.

However, we need not consider every possible application of the statute that might impermissibly inhibit protected speech. We are presented with a pre-enforcement facial challenge to this advertising ban. "[T]he overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep" to justify invalidating the statute on its face. *Broadrick v. Oklahoma,* 413 U.S. 601, 615, 93 S.Ct. 2908, 2917, 37 L.Ed.2d 830 (1973). We conclude that Washington's paraphernalia advertising ban is unlikely to reach a substantial amount of constitutionally protected speech.

### III. VAGUENESS

■ Rocket contends that the advertising ban is unconstitutionally vague and will chill the exercise of First Amendment rights. *See Grayned v. City of Rockford,* 408 U.S. 104, 108–09, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222 (1972). Rocket challenges the statute's imposition of liability if one "reasonably should know" that the advertisement's purpose in whole "or in part" is to promote paraphernalia sales.

We have discussed the phrase "purpose, ... in whole or in part, is to promote the sale" in Section II.A. We concluded that the statute refers only to direct invitations to buy specific paraphernalia. Three other circuits have agreed. *Hollywood,* 673 F.2d at 1217; *Casbah,* 651 F.2d at 563; *Weiler,* 695 F.2d at 1350. *But see Nashua,* 679 F.2d at 4. Because the statute clearly refers only to specific proposals of paraphernalia sales, the language "purpose ... in part" will not chill other forms of speech. It is not impermissibly vague.

In *Stoianoff,* this court discussed the vagueness of the "reasonably should know" language, with reference to conduct that was not constitutionally protected. *Stoianoff,* 695 F.2d at 1220–22. Because constitutionally protected commercial speech is at issue, the standard here is more rigorous.

Nonetheless, we find that the "reasonably should know" language is not unconstitutionally vague. A myriad of federal statutes contain similar language, *see id.* at 1222 n. 5 (citing statutes), and they have repeatedly withstood vagueness challenges, *see, e.g., Gorin v. United States,* 312 U.S. 19, 27–28, 61 S.Ct. 429, 433–434, 85 L.Ed. 488 (1941); *United States v. Featherston,* 461 F.2d 1119, 1121–22 (5th Cir.), *cert. denied,* 409 U.S. 991, 93 S.Ct. 339, 34 L.Ed.2d 258 (1972).

Given the construction of the statute as referring to specific proposals of drug paraphernalia sales, the requirement that the ad be placed "knowing, or under circumstances where one reasonably should know [of its] purpose" is not unduly vague. *See Hollywood,* 673 F.2d at 1219.

The judgment is reversed.