548 P.2d 1158

**STATE of Arizona ex rel. Moise BERGER, Maricopa County Attorney, Petitioner,**

v.

**The Honorable Warren L. McCARTHY, Judge of the Superior Court, Respondent,**

and

**Bruce W. JACKSON, Real Party in Interest, Respondent.**

No. 12531.

Supreme Court of Arizona, In Banc.

April 19, 1976.

Moise Berger, Maricopa County Atty. by Daniel F. McIlroy, Deputy County Atty., Phoenix, for petitioner.

Maricopa County Legal Aid Society by Michael L. Piccarreta and Catherine M. Hughes, Glendale, for respondent Jackson.

HOLOHAN, Justice.

The state by special action challenges the decision of the Superior Court of Maricopa County, declaring A.R.S. § 36–1043 unconstitutional. This Court accepted jurisdiction to resolve this important issue.

The material facts necessary for a determination of this issue are not in dispute and are summarized as follows:

On August 20, 1975, a 1965 Buick automobile belonging to respondent was seized by officers of the Phoenix Police Department for the transportation of a narcotic drug, heroin. Sixty-one days later the Police Department filed a Notice of Seizure of Vehicle and Intention to Institute Forfeiture Proceedings pursuant to A.R.S. § 36–1041 *et seq.*

A.R.S. § 36–1043 *Notice of Seizure* provides:

"A peace officer who seizes a vehicle under the provisions of this article shall file a notice of the seizure and intention to institute forfeiture proceedings with the county clerk of the county in which the seizure occurs, and the clerk shall serve notice thereof on all owners or claimants of the vehicle, by one of the following methods:

1. Upon an owner or claimant whose right, title or interest is of record in the division of motor vehicles, by mailing a copy of the notice by registered mail to the address on the records of the division.

2. Upon an owner or claimant whose name and address are known, by mailing a copy of the notice by registered mail to his last known address.

3. Upon an owner or claimant, whose address is unknown but who is believed to have an interest in the vehicle, by publication in one issue of a newspaper of general circulation in the county where the seizure occurred, or if there is no such newspaper, then by

publication in a newspaper of general circulation in Maricopa county."

On February 3, 1976, the superior court issued a written Order, stating, *inter alia*:

"[T]he Court having taken the motion under advisement, the Court finds as follows: That the failure of Section 36–1043, ARS, to provide a reasonable time limit within which notice of seizure and intention to institute forfeiture proceedings and the actual forfeiture proceeding must be instituted by the public officials violates the Due Process provision of the State and Federal Constitutions."

The superior court dismissed the petition with prejudice and ordered the vehicle returned to respondent.

The sole issue is whether A.R.S. § 36–1043 is unconstitutional because it fails to contain specific time limits within which the Notice of Seizure and Intention to Forfeit must be filed and the actual forfeiture proceedings instituted.

■ Procedural due process does not require a "pre-seizure" hearing where the vehicle is seized pursuant to a statute authorizing seizure and forfeiture of vehicles used for unlawful purposes. *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974). Respondent received notice of the seizure and intention to institute forfeiture proceedings pursuant to A.R.S. § 36–1043 after the vehicle was seized. A.R.S. §§ 36–1044 and 36–1045 provided an opportunity for the respondent to be heard and contest the forfeiture proceedings. Respondent Jackson contends that the absence of specific time periods within which the action must be instituted and determined deprives him of an opportunity to be heard "at a meaningful time and in a meaningful manner."

■■ We must look to the intent of the Legislature in interpreting a statute. *In re One 1965 Ford Mustang*, 105 Ariz. 293, 463 P.2d 827 (1970). Our examination of A.R.S. § 36–1041 *et seq.* discloses that the Legislature had two goals in mind: 1), to seize immediately the vehicle and hold it as evidence until forfeiture is declared or its release is ordered, and 2), to provide for prompt resolutions of forfeiture actions.

■ A.R.S. § 36–1043 provides that the seizing officer "shall" file a notice of seizure with the county clerk (clerk of the superior court) where the seizure occurs and that the clerk "shall" serve notice upon the owner or claimant of the vehicle. A.R.S. § 36–1045 provides that the hearing shall be given priority over other civil cases. A.R.S. § 36–1043 does not, however, specify the exact time within which the peace officer must file the notice or when the clerk shall serve it. The use of the word "shall" does not necessarily imply immediacy, but means within a reasonable time after the date of seizure. *Cf. Hays v. Arizona Corporation Commission*, 99 Ariz. 358, 409 P.2d 282 (1965). The Legislature's use of the word "shall" necessarily included a directive that it be performed within a time period which would promote prompt and orderly conduct of the proceedings. *Cf. Chisholm v. Bewley Mills*, 287 S.W.2d 943 (Tex.1956). The Legislature, by its inclusion of the word "shall" in A.R.S. § 36–1043, intended that the notice be filed and served within a reasonable time after the seizure of the vehicle.

■■ The respondent relies principally upon *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) and its progeny for the proposition that the hearing required by A.R.S. § 36–1045 must be held immediately after the seizure of the vehicle. We do not find those cases controlling since they deal with pre-seizure hearings rather than post-seizure situations as in the instant case. We view the dictates of due process as being afforded in post-seizure situations to be met when the litigants are afforded a hearing at "a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965). A.R.S. § 36–1041 *et seq.* affords such an opportunity because the filing and service of

the notice is to be performed within a reasonable time. In *State v. Bailey*, 233 Ga. 795, 213 S.E.2d 661 (1975) the Supreme Court of Georgia was presented with a challenge to the constitutionality of its forfeiture statute. The court in *Bailey* noted:

"Procedural due process of law does not require a 'pre-seizure' hearing in cases of contraband condemnation. [Citation omitted.] And all that procedural due process of law requires in 'post-seizure' cases is notice and a hearing at which the owner or other party having an interest to be protected can appear and present his claim to the property being condemned. Twenty days' notice, or any other stipulated period of time, is not constitutionally required. All that is required by due process of law is that the affected party have reasonable notice and a reasonably fair opportunity for a hearing before the vehicle or other property is forfeited for a violation of the law." 213 S.E.2d at 662–63.

Since the Legislature intended to require the Notice to be filed and served within a reasonable time, the question of what is a "reasonable time" necessarily arises. An owner or a claimant, pursuant to A.R.S. § 36–1044, is required to file his verified answer to contest the forfeiture action within 20 days after the mailing or publication of the notice of the seizure provided by A.R.S. § 36–1043; A.R.S. § 36–1045(B) provides that forfeiture proceedings shall be given priority over other civil cases. These two provisions show that prompt resolution of forfeiture actions was intended by the Legislature.

■ The Legislature, through A.R.S. § 36–1045(B), provided the law enforcement agencies with 30 days in which to prepare prosecution of their case. In the context of A.R.S. § 36–1041 *et seq.*, law enforcement agencies seeking the forfeiture of the vehicle are entitled to the same period of time to file their process after the seizure of the vehicle as the owner or claimant of the vehicle has to contest its forfeiture, and such a period of time is "reasonable"

absent unique circumstances. In light of the several factors involved, allowing the law enforcement agency 20 days in which to file its Notice of Seizure and Intention to Institute Forfeiture Proceedings is reasonable. This decision appears to be fair to both parties as it places them in an equal position before the bar.

■ Although the superior court based its ruling below on the due process theory, respondent also argues that A.R.S. § 36–1041 *et seq.* is violative of his right to the equal protection of the laws in that his procedural remedies challenging the forfeiture are substantially restricted when the forfeiture is initiated pursuant to A.R.S. § 36–1041 *et seq.* rather than under A.R.S. § 32–1993, which is applicable to a related field—dangerous drugs. Respondent contends that distinctions between the provisions of A.R.S. § 32–1993 requiring the complaint to be filed within five days following the seizure of the vehicle (inferentially allowing a hearing on the merits promptly thereafter) and the provisions of A.R.S. § 36–1041 *et seq.* permitting the proceedings to be initiated at the discretion of the state and prohibiting a hearing on the matter until the expiration of 30 days after filing of the answer, create disparate treatment for the class of persons whose vehicles are seized and sought to be forfeited for the presence therein of proscribed substances. We have today construed A.R.S. § 36–1043 to mean that the law enforcement agencies must file their forfeiture proceeding within 20 days after the seizure of the vehicle in order to meet the reasonableness test. Thus, the difference in the time periods for the filing of the proceedings under the two statutory provisions is a total of 15 days. Although A.R.S. § 32–1993 does not prohibit a hearing on the matter for 30 days as does A.R.S. § 36–1043, there is no provision in the former statute that it shall be heard at any earlier time. Additionally, A.R.S. § 36–1043 provides that actions brought thereunder shall be given priority over other civil cases, whereas A.R.S. § 32–1993

does not include such a provision for expediting a hearing on the matter. The relatively minor differences in the time periods during which certain actions must be performed under the two statutes do not significantly affect the rights of the class of persons whose vehicles are seized and sought to be forfeited for the transportation of proscribed substances.

As we read A.R.S. § 36–1043, it is constitutional. The cause is remanded to the superior court for further proceedings consistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.