559 P.2d 417 (1977)
90 N.M. 40
In the Matter of the Forfeiture of ONE CESSNA AIRCRAFT, 206, 1974 MODEL, SERIAL NO. V-206-02337, NO. XBHES, COLOR WHITE/GREEN.
STATE of New Mexico, Plaintiff-Appellee,
v.
CESSNA INTERNATIONAL FINANCE CORPORATION and Aviones Y Servicio, S.A., and Botello Velasquez, Defendants-Appellants.
No. 11026.
Supreme Court of New Mexico.
January 28, 1977.
*418 J.R. Crouch, Crouch, Parr & Valentine, Las Cruces, Michael G. Rosenberg, Rosenberg & Harris, Albuquerque, for defendants-appellants.
Toney Anaya, Atty. Gen., Mary Anne McCourt, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION
McMANUS, Justice.
This case involves a seizure of an airplane which was found near Vaughn, New Mexico and which contained 580 pounds of marijuana. The pilot was never found or identified. The owners of the aircraft are reported to be two citizens of Mexico named Rigoberto Melchor and Guillermo Botello. Cessna International Finance Corporation (Cessna) and Aviones y Servicios (Aviones) claim a security interest in the airplane. The State of New Mexico seized the plane and asked for a foreclosure against all of the parties and a declaration that they are entitled to the plane free and clear of the interest of any party. At the conclusion of the district court trial, a judgment was rendered in favor of the plaintiff. We affirm *419 as to appellant Botello and reverse as to the secured party.
Appellant Botello's major contention is that the forfeiture provisions under the Controlled Substances Act, § 54-11-33, et seq., N.M.S.A. 1953 (Supp. 1975) are unconstitutional because they violate procedural due process. Appellant also claims error on the basis that no probable cause existed to justify the search and subsequent seizure of the aircraft, and that an indispensable party was not joined.
It is our opinion that these claimed errors are without merit. The forfeiture provisions of the Controlled Substances Act are penal in nature and consequently no pre-seizure notice or hearing is constitutionally required. The statute provides for a hearing within thirty days of the seizure and this is sufficient to satisfy due process standards. See State ex rel. Berger v. McCarthy, 113 Ariz. 161, 548 P.2d 1158 (1976). There is also substantial evidence to support the trial court's finding of probable cause for the search and seizure; consequently we will not disturb this decision on appeal. At the hearing, appellant contended that the co-owner Rigoberto Melchor was an indispensable party; however, the evidence is inconclusive as to the nature of Melchor's interest and therefore the trial court was correct in ruling that Melchor was not an indispensable party to this proceeding.
Appellants Cessna and Aviones object to the forfeiture of their security interests in the subject aircraft. The complaint filed by the State herein reads in pertinent part as follows:
2. That the New Mexico State Police has made an investigation to determine the parties who may own, be in charge of or have a bona fide security interest in the above-listed conveyance, and has determined that such parties are as follows:
Owner Mr. Guillermo Botello
 7th Street
 Colonia Alta Vista
 Hidalgo del Parral, Mexico
 State of Chihuahua
Party with bona fide security interest
 Cessna Finance International
 Corporation
 P.O. Box 2078
 Wichita, Kansas
Cessna admitted in its answer, and introduced documentary and testamentary evidence of, its security interest. The State then contested the existence and validity of Cessna's interest. We have held that "material allegations of a complaint, admitted in the answer, need not be proved." Home Plumbing and Contracting Company v. Pruitt, 70 N.M. 182, 372 P.2d 378 (1962). The admission of the State precludes it from challenging this fact. See Lujan v. Gonzales, 84 N.M. 229, 501 P.2d 673, cert. denied, 84 N.M. 219, 501 P.2d 663 (1972). Section 54-11-33(G)(4), supra, provides that the forfeiture of a vehicle under the Controlled Substances Act shall be subject to the security interests of an innocent third party; therefore, the trial court erred in not recognizing Cessna's security interest.
Aviones also claims some type of security interest derived from a business transaction involving Cessna. The record below is unclear and the evidence is insufficient to permit a finding of a separate valid security interest of Aviones. We affirm this disposition and leave this issue to be resolved between Cessna and Aviones.
In the final analysis the judgment order of the trial court is affirmed as to Botello and Aviones and reversed as to Cessna.
IT IS SO ORDERED.
EASLEY and PAYNE, JJ., concur.