584 P.2d 559

**In the Matter of 1972 FORD PICK–UP, I. D. NO. F10HKN 48114, LICENSE NO. 2KF437.**

**John R. RONK, Appellant,**

v.

**STATE of Arizona, Appellee.**

**No. 13555.**

Supreme Court of Arizona, In Division.

Sept. 14, 1978.

Edward V. Sexton, P. C., Phoenix, for appellant.

Charles F. Hyder, Maricopa County Atty. by Daniel F. McIlroy and Q. Dale Hatch, Deputy County Attys., Phoenix, for appellee.

CAMERON, Chief Justice.

This is an appeal from a judgment of forfeiture of a motor vehicle pursuant to A.R.S. § 36–1041, et seq.

We need consider only one question on appeal and that is, did the State timely bring a proceeding in forfeiture when the vehicle was not seized nor proceedings commenced until 103 days after it was determined that the vehicle contained marijuana, a narcotic drug.

The facts necessary for a determination of this matter on appeal are as follows. On 8 October 1975, John R. Ronk, the owner and driver of the vehicle in question, was stopped for investigation on a public highway by Maricopa County Deputy Sheriff James Schultz. With Ronk's permission, Deputy Schultz searched the vehicle and found what he believed to be marijuana. Ronk was allowed to leave with the vehicle after supplying Deputy Schultz his current address.

On 16 October 1975, the Department of Public Safety Crime Laboratory issued a report indicating that the substance found in Ronk's vehicle was marijuana in the amount of .78 of a gram.[1] The report was received by the Sheriff's Department on 20 October 1975.

On 15 December 1975, a warrant was issued for Ronk's arrest for possession of marijuana. He was arrested on 19 December at the address previously given to Officer Schultz.

At a preliminary hearing on 19 January 1976, a plea agreement was reached after informal discussions among Ronk, his attorney (a deputy public defender), a deputy county attorney, and Officer Schultz. Although Ronk was advised that the vehicle was not covered by the plea agreement and that there was still a possibility that the State might seek to forfeit his vehicle, Ronk's attorney advised Ronk that it was unlikely his car would be forfeited because of the small quantity of the drug involved. Ronk pled guilty to possession of marijuana as a misdemeanor, sentence was suspended, and Ronk was placed on probation for 45 days.

On 27 January 1976, 103 days after the substance was determined to be marijuana and 99 days after the Sheriff's Department had received the laboratory report, the vehicle was seized. On 10 February 1976, forfeiture proceedings were begun against the vehicle and the vehicle was forfeited. Ronk appeals, claiming that the forfeiture statute was not followed in that there was

---

1. One gram equals 0.035 ounces. World Almanac, 1978 (Newspaper Enterprise, Inc., 1977).

an unreasonable delay in instituting forfeiture procedures.

A.R.S. § 36–1041, et seq., provides for the forfeiture of a vehicle when it is found to have unlawfully contained narcotic drugs. The provision relating to seizure is § 36–1042, which reads:

"Any peace officer making or attempting to make an arrest for a violation of article 1 of this chapter shall seize the vehicle used to transport unlawfully a narcotic drug, or in which a narcotic drug is unlawfully kept, deposited or concealed, or unlawfully possessed by an occupant, and shall immediately deliver the vehicle to the sheriff of the county in which the seizure is made, to be held as evidence until forfeiture is declared or release ordered."

In a previous case wherein we considered the length of time between the seizure of the vehicle and the instituting of forfeiture proceedings, we held that the proceedings must commence within a reasonable time after seizure and 20 days would meet the reasonableness test. *State ex rel. Berger v. McCarthy,* 113 Ariz. 161, 548 P.2d 1158 (1976). We stated therein:

"* * * Our examination of A.R.S. § 36–1041 *et seq.* discloses that the Legislature had two goals in mind: 1), to seize immediately the vehicle and hold it as evidence until forfeiture is declared or its release is ordered, and 2), to provide for prompt resolutions of forfeiture actions." 113 Ariz. at 163, 548 P.2d at 1160.

We found that the legislative intent was demonstrated by the choice of the word "shall" in § 36–1043:

"The use of the word 'shall' does not necessarily imply immediacy, but means within a reasonable time after the date of seizure (citation omitted). The Legislature's use of the word 'shall' necessarily included a directive that it be performed within a time period which would promote prompt and orderly conduct of the proceedings." *Berger,* supra, 113 Ariz. at 163, 548 P.2d at 1160.

The same word "shall" is used to direct the action of the officer in seizing the vehicle in § 36–1042. Since the legislature intended the seizure as well as the institution of the proceedings be prompt, the use of "shall" in § 36–1042 has the same meaning that it had in § 36–1043. The officer must act within a reasonable time in seizing the vehicle.

 Therefore, once an officer determines that a vehicle is being used to unlawfully transport a narcotic drug or is a vehicle in which a narcotic drug is unlawfully kept, deposited or concealed, the officer must seize and deliver the vehicle to the sheriff without unreasonable delay. *State ex rel. Berger,* supra; A.R.S. § 36–1042. Of course, the officer may wait a reasonable time for a laboratory report to ascertain that the vehicle did, in fact, contain narcotics. In the instant case, the officers waited an unreasonable length of time before seizing the vehicle and instituting forfeiture proceedings.

Judgment reversed.

STRUCKMEYER, V. C. J., and HAYS, J., concurring.