The GENERAL STORES, INC., et al.,
Plaintiffs-Appellants,

v.

Jeff BINGAMAN, et al.,
Defendants-Appellees.

No. 81–1681.

United States Court of Appeals,
Tenth Circuit.

Dec. 15, 1982.

Nancy Hollander, Freedman, Boyd & Daniels, Albuquerque, N.M., for plaintiffs-appellants.

Jill Z. Cooper, Deputy Atty. Gen., Santa Fe, N.M. (Jeff Bingaman, Atty. Gen., Santa Fe, N.M., with her on the brief), for defendants-appellees.

Before SETH, Chief Judge, and HOLLOWAY and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

Presented herein is an attack upon the Drug Paraphernalia Act adopted by the New Mexico legislature. The contentions are that this statute is unconstitutional due, for the most part, to its vagueness and overbreadth. Not only was the judgment of unconstitutionality requested, but also a request for temporary and permanent injunction plus attorneys' fees. All of this relief was denied by the United States District Court for the District of New Mexico, Judge Campos presiding.

The plaintiffs have three outlets in New Mexico which are all known as The General Store. The statute herein is reported in New Mexico Statutes Annotated § 30–31–2 (1978). This is called the Controlled Sub-

stances Act and, among other things, it prohibits the manufacture, delivery or use of drug paraphernalia. It is patterned after the Model Drug Paraphernalia Act. The statute was to be enforced commencing June 19, 1981. A sizeable percentage, 30%, of the inventory of the stores in question includes materials which would in all likelihood be prohibited by the statute. Other items sold by plaintiffs are books and magazines, but not needles or syringes.

At the completion of the hearings the trial court entered its order denying judgment to the plaintiffs and the other relief. Generally the conclusion of the judge was that the drug paraphernalia statute was not vague nor was it overbroad nor was it otherwise unconstitutional.

The contentions on behalf of the plaintiffs which are made in this court are first, that the statute is unconstitutionally vague in that it neither provides reasonable notice of what is prohibited nor does it provide guidelines which would aid law enforcement officers in enforcing it. The argument is that the definition of drug paraphernalia is unclear so that the public has no reasonable notice as to what is prohibited. It is vague as well to the officers who are obligated to enforce it, so it is said. Nor, according to the plaintiffs, does the inclusion of an intent provision cure the inadequacies because it does not give notice or any enforcement guidelines.

A further contention and argument is that the statute violates the first amendment in that it invades the right to free speech. The included factors to be used in deciding whether an item is drug paraphernalia include item (f) "descriptive materials accompanying the object which explain or depict its use," which will, when used by enforcement officials, according to the plaintiffs-appellants, prohibit or have a chilling effect upon protected non-commercial speech. Speech, they say, is a factor which determines whether or not one will be subject to prosecution under a criminal statute.

Since the commencement of the plaintiffs' cases the Supreme Court of the United States and United States Courts of Appeal have had occasion to rule on the constitutionality of such laws and the decisions have upheld these paraphernalia statutes. *See, e.g., Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982). This court has also ruled in the case of *Hejira Corporation v. MacFarlane,* 660 F.2d 1356 (10th Cir.1981). The plaintiffs' arguments closely resemble those which were made in the decided cases. We have no disposition to depart from those decisions.

■ We first consider the issue of vagueness as it is presented. The United States Supreme Court in *Grayned v. City of Rockford,* 408 U.S. 104, 108–109, 92 S.Ct. 2294, 2299, 33 L.Ed.2d 222 (1972), has provided standards for evaluating a vagueness contention:

> Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory applications. (footnotes omitted).

One of the arguments here presented is that the statute does not provide fair warning; that the definition of drug paraphernalia is not explicit. Also maintained is that the guidelines presented in the statute to aid in enforcement fail to alert the officials as to the prohibited activity.

But the New Mexico statute satisfies the legal requirements. It defines paraphernalia as "all equipment, products or materials of any kind which are used or intended for use or designed for use" in connection with a controlled substance. The argument of

504

the plaintiffs is that this section does not state whose intent is relevant in determining whether an item is paraphernalia. These parties make an ingenious presentation. However such an approach is not the proper one, on this occasion at least. It has been rejected by a good number of courts of appeal.

The First Circuit has had occasion to consider this transferred intent argument. It said that:

> [A] fair reading of the statute as a whole ... indicated the intent referred to is that of the person alleged to have violated the statute. *See New England Accessories Trade Association, Inc. v. City of Nashua,* 679 F.2d 1, 5–6 (1st Cir.1982) and cases cited therein.

*New England Trade Ass'n, Inc. v. Tierney,* 691 F.2d 35 (1st Cir.1982).

The First Circuit also cited *Tobacco Accessories and Novelty Craftsmen Merchants Ass'n of La. v. Treen,* 681 F.2d 378, 383 (5th Cir.1982). This case ruled that the "intended for use" language was applicable to the state of mind of the individual charged with the offense of selling, distributing, or displaying drug paraphernalia. *Florida Businessmen for Free Enterprise v. City of Hollywood,* 673 F.2d 1213 (11th Cir.1982) (cited in *New England Trade Ass'n*) said that criminal intent of the accused had to be proven so as to ensure that there will not be convictions based on transferred intent of others.

The court also said both "intentionally" and "knowingly" were defined in the main criminal code, and found these definitions sufficiently specific to avoid a due process vagueness problem.

Also to be noted is the Supreme Court's decision in *Flipside, supra,* which rejected the arguments made here by the plaintiffs that "designed for use" permits the intent of one to make the act of another illegal. The Supreme Court has stated that "[a] business person of ordinary intelligence would understand that this term refers to the design of the manufacturer, not the intent of the retailer or customer." 102 S.Ct. at 1195.

■ The plaintiffs next contend that the statute fails to provide guidance to prosecutors. They are certainly solicitous on behalf of the prosecutors. This is to be commended. But this argument finds no support in the recent case law. In *Hejira, supra,* we rejected a similar challenge to Colorado's Drug Paraphernalia Act. We said that the standards are such that law enforcement officers may not make arbitrary and discriminatory decisions. We said:

> "[T]he fact that different minds may reach different results when seeking to determine whether a given object falls within the statutory definition of drug paraphernalia does not render the statute void for vagueness."

*Hejira,* 660 F.2d at 1367.

In sum plaintiffs' challenge on vagueness finds no support. The statutory definition of drug paraphernalia is clear and provides notice of what is prohibited. Also the guidelines present in the statute are adequate to alert law enforcement officers as to what activity is specifically proscribed.

■ Finally we have considered plaintiffs' first amendment argument that guideline (f), regarding descriptive materials accompanying an object, constitutes a chilling factor and invades the right of free speech. Item (f) is one of the criteria which may be used in determining whether an item is drug paraphernalia. Any effect on protected speech would be incidental. The Supreme Court in *United States v. O'Brien,* 391 U.S. 367, 376, 88 S.Ct. 1673, 1678–1679, 20 L.Ed.2d 672 (1968) stated:

> This Court has held that when "speech" and "nonspeech" elements are combined in the same course of conduct, a sufficiently important governmental interest in regulating the nonspeech element can justify incidental limitations on First Amendment freedoms.

Thus it is difficult to see how the speech would come into play here in any event. Finally the regulating of drug paraphernalia is an important governmental interest and the statute seems to have a minimal

effect on the expression of ideas. In any event the incidental, if any, restriction on first amendment rights does not go beyond that which is essential to the furtherance of the governmental interest. *See United States v. Goeltz,* 513 F.2d 193 (10th Cir. 1975).

In summary plaintiffs' challenges to the New Mexico Drug Paraphernalia Act are wholly lacking in merit; the judgment of the district court should be and it is hereby affirmed.