695 F.2d 1348
 Robert Forrest WEILER, d/b/a Pot Luck I, Plaintiff-Appellee,
v.
Cleo CARPENTER, Jay R. Dickenson, Eddie Fowler, Tom Harden,
Gordon Rowell, and Pat Sandoval, Commissioners of the City
of Clovis; Frank A. Murray, Jr., Mayor of the City of
Clovis; and Nelson Worley, Chief of Police of the City of
Clovis, Defendants-Appellants.
 No. 81-1314.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 15, 1982.
 
 Nancy Hollander, Freedman, Boyd & Daniels, Albuquerque, N.M., for plaintiff-appellee.
 Harry L. Patton, Clovis, N.M., on brief, for defendants-appellants.
 Before SETH, Chief Judge, and HOLLOWAY and DOYLE, Circuit Judges.
 WILLIAM E. DOYLE, Circuit Judge.
 
 
 1
 The case presently before us is very similar to the cases involved in The General Stores, Inc. v. Bingaman, 695 F.2d 502 (10th Cir.1982) No. 81-1681, and Kansas Retail Trade Corp. v. Stephan, 695 F.2d 1343 (10th Cir.1982) No. 81-2162. Thus this particular decision will address itself only to the unique aspects of the City of Clovis appeal, which is now before us and we will refer to the discussion in the opinions having to do with the other cases to answer those issues which are common. The decision of the district court was that the ordinance in question was unconstitutional and therefore we must proceed to review that judgment.
 
 
 2
 Plaintiff-Appellee owns a business in Clovis, New Mexico known as Pot Luck No. I. He filed a complaint challenging enforcement of the city's ordinance No. 1150-80. The next month the trial court entered a temporary restraining order. The trial on the merits was consolidated with the preliminary injunction hearing on August 12, 1980. On February 11, 1981 the court, 507 F.Supp. 837, entered its order and judgment finding that the ordinance violated the first and fourteenth amendment of the Constitution. The City of Clovis was permanently enjoined from enforcing its ordinance.
 
 
 3
 The contentions here are familiar. They are as follows:
 
 
 4
 1. That the drug paraphernalia ordinance violates the Constitution because it is vague or overbroad.
 
 
 5
 2. That the intent requirement for violation of the Act does not, so it is contended, cure any vagueness.
 
 
 6
 3. That the ordinance permits one person to be prosecuted although the intent is shown on the part of someone else.
 
 
 7
 4. That the ordinance tends to suppress commercial and non-commercial speech.
 
 
 8
 5. That the ordinance's forfeiture provision without a hearing is unconstitutional.
 
 
 9
 With the exception of the fifth contention we find that the others have no merit.
 
 
 10
 Judging this ordinance from the standpoint of vagueness and overbreadth, we notice at the outset that the ordinance does not materially differ from that which was before us in The General Stores, Inc. and Kansas City Retail Trade Corp., which have been decided this day. We have held that both the New Mexico statute and the Kansas statute are sufficiently clear and narrowly drawn. In the cases referred to there is a requirement that there be proof of subjective intent to engage in the proscribed activities. See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., --- U.S. ----, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362 (1982); Hejira Corp. v. MacFarlane, 660 F.2d 1356, 1367 (10th Cir.1981); Record Revolution No. 6, Inc. v. City of Parma, 638 F.2d 916, 932 (6th Cir.1980). We conclude that there is no reason that we should depart from the holding of the other paraphernalia control cases decided today, inasmuch as the law is constitutional because it requires proof of subjective intent to engage in proscribed conduct. In the other cases which we have ruled on today, our conclusion was that there is no danger that an innocent seller would risk prosecution under this ordinance due to the unknown intent of a purchaser. The prohibition in this ordinance of delivery of an object to "persons who he knows, or reasonably should know, intend to use the object to facilitate a violation of this Act" can properly be read only to require proof of the seller's prohibited intent. See the authorities cited in The General Stores, Inc. and Kansas Retail Trade Corp. In the light of those, this court must reject the trial court's hypotheticals in support of its finding that the ordinance was vague in a way which would risk both prosecution via transferred intent and selective enforcement. 507 F.Supp. 842-43.
 
 
 11
 We now address the suppression of speech point. It is also common to the similar contention in the cases decided today, which is whether the ordinance's ban on advertising in print media where one knows, or reasonably should know, "that the purpose of the advertisement, in whole or in part, is to promote the sale of objects designed or intended for use as drug paraphernalia" unconstitutionally suppresses commercial and non-commercial speech. The trial court's conclusion was that items which could not be advertised are not per se concerned with illegal activity. The ban on print media advertising anywhere exceeded the city's legitimate interests in preventing drug abuse by regulating the promotion of paraphernalia was the ruling of the trial court. The trial court found the ban on advertising too flawed to survive constitutional scrutiny. See 507 F.Supp. at 844-45.
 
 
 12
 This court is persuaded by the Supreme Court's decision in Flipside that the commercial speech at issue is not protected by the first amendment. The reasons considered at some length in Kansas Retail Trade Corp. point to the conclusion that the advertising ban in the Clovis ordinance does not violate the Constitution.
 
 
 13
 As indicated above, the Plaintiff-Appellee maintains that sections of the ordinance permitting consideration of "(1) statements by an owner or anyone in control of the object concerning its use;" and (8) "descriptive materials accompanying the object which explain or depict its use" as factors indicative of paraphernalia are unconstitutional restraints on non-commercial speech. Again, we have rejected a similar argument which was advanced in The General Stores, Inc. The non-commercial speech here is only incidentally restricted. In view of the government's strong interests in controlling drug abuse by curbing the sale of paraphernalia, this incidental restriction of speech fails to show a violation of the constitution. See United States v. O'Brien, 391 U.S. 367, 376, 88 S.Ct. 1673, 1678, 20 L.Ed.2d 672 (1968); United States v. Goeltz, 513 F.2d 193 (10th Cir.1975).
 
 
 14
 Finally, Section 4(A) of the Ordinance No. 1150-80 is attacked on the basis it provides for forfeiture of paraphernalia "possessed, manufactured, delivered or advertised in violation" of the ordinance. This section makes no provision for a hearing. A forfeiture provision in New Mexico's drug paraphernalia law requires a hearing within thirty days after such a seizure, N.M.Stat.Ann. Sec. 30-31-35(C) (1978). The New Mexico Supreme Court has upheld a similar hearing provision, finding that requiring a hearing within thirty days satisfies the constitutional due process. Matter of One Cessna Aircraft, 90 N.M. 40, 559 P.2d 417, 419 (1977).
 
 
 15
 The failure of the City of Clovis to provide for a hearing for people who lose alleged paraphernalia does violate the due process guarantee of the Constitution. Calero-Toldeo v. Pearson Yacht Leasing Co., 416 U.S. 663, 679-80, 94 S.Ct. 2080, 2089-90, 40 L.Ed.2d 452 (1974) (due process can be satisfied by hearings after seizures in extraordinary situations). Our solution is based on our determination that the forfeiture section can be severed without interfering with the rest of the statute; that removal will not hinder the legislative objectives and intent of the ordinance. Consequently, we invoke Section 5 of the ordinance and sever Section 4 from the ordinance so that Clovis's drug paraphernalia ordinance can withstand constitutional scrutiny. Hejira v. MacFarlane, 660 F.2d 1356, 1363 (10th Cir.1981).
 
 
 16
 We call attention to the fact that providing a hearing within thirty days satisfies the due process requirement. Matter of One Cessna Aircraft, 90 N.M. 40, 559 P.2d 417, 419 (1977).
 
 
 17
 In sum the City has a right to enforce its drug paraphernalia ordinance with the exception of the forfeiture provision of that ordinance. The ordinance is neither vague nor overbroad and there is no danger that the ordinance would allow one person to be prosecuted due to transferred intent of someone else, or that officers could enforce the law selectively. The ordinance does not unconstitutionally suppress commercial or non-commercial speech. Its only defect is the failure to provide the hearings in connection with the forfeitures, but this can be remedied by the giving of a hearing within thirty days.
 
 
 18
 Based upon the foregoing this court is required to reverse the district court holding that the City of Clovis ordinance violates the United States Constitution. We remand this case with orders to lift the permanent injunction granted against the enforcement of the ordinance and to dismiss plaintiff's suit. As to Section 4, the forfeiture provision, this court concludes that it is unconstitutional and so orders the trial court to sever it from the remainder of the ordinance and to enter a permanent injunction against its enforcement.