775 P.2d 1329

STATE of New Mexico ex rel. the NEW MEXICO STATE POLICE DEPARTMENT, Plaintiff–Appellee,

v.

ONE 1978 BUICK, LESABRE, BLUE, BEARING IOWA LICENSE NUMBER PBG–114, VIN NUMBER: 4N37Y8X–152686, and $25,700.00 United States Currency, Defendants–Appellants.

No. 10,505.

Court of Appeals of New Mexico.

May 18, 1989.

Denise M. Glore, Albuquerque, for defendants-appellants.

Hal Stratton, Atty. Gen., Albert Roland Fugere, Sp. Asst. Atty. Gen., Deputy Counsel, Dep't of Public Safety Santa Fe, for plaintiff-appellee.

Bradford V. Coryell, Montgomery & Andrews, P.A., Santa Fe, amicus curiae, New Mexico Defense Lawyers Ass'n.

William H. Carpenter, Chairman, Amicus Committee, New Mexico Trial Lawyers Ass'n, Carpenter & Goldberg, Michael B. Browde, Albuquerque, amicus curiae, New Mexico Trial Lawyers Ass'n.

## OPINION

HARTZ, Judge.

George Kinshaw (Kinshaw) appeals a default judgment entered against him in a suit brought by the state to forfeit an automobile and cash pursuant to the New Mexico Controlled Substances Act, NMSA 1978, Sections 30–31–1 to 30–31–41 (Repl. Pamp.1987) (the Act). The state sought the default because of Kinshaw's allegedly improper invocation of privileges, primarily the privilege against self-incrimination, in response to interrogatories and a request for production served upon him.

This case raises a novel issue concerning the appropriateness of a default judgment for violation of rules of discovery in the absence of a court order compelling discovery. Because this issue would be of concern to all litigators, we requested amicus briefs from the New Mexico Trial Lawyers Association and the New Mexico Defense Lawyers Association. Both amicus briefs recommend the same disposition in this case. We express our appreciation for the able briefs, agree with them, and reverse.

## PROCEEDINGS BELOW

On May 6, 1987, the state, pursuant to Section 30–31–34 of the Act, filed suit in the First Judicial District Court for forfeiture of an automobile and $25,700 seized on May 5 on the ground that they were the fruits or instrumentalities of a conspiracy to distribute marijuana in violation of the Act. The complaint named Kinshaw as one who may have a claim to the vehicle and the cash. Kinshaw filed an answer.

On September 21, 1987, Kinshaw served responses to the state's interrogatories and request for production. He provided only his name, current address, and date of birth. Stating that he faced pending misdemeanor charges relating to the vehicle and cash, Kinshaw claimed his privilege against self-incrimination with respect to the request for production and most of the interrogatories. He objected to other interrogatories on various grounds, including that they called for attorney work product.

On November 18, 1987, the court set trial for January 6, 1988. On December 21, 1987, the state filed a "Motion to Compel Answers to Interrogatories or, in the Alternative, to Impose Sanctions for Failure to Comply with Discovery," which requested sanctions "including but not limited to the entry of default." Although the motion to compel was untimely under Rule 23(c) (1st Dist.1986), N.M.Loc. & Fed.R.Hnbk. (1988), Kinshaw waived any objection to the motion on that ground, because he never raised the objection in district court. *See State v. Muise,* 103 N.M. 382, 707 P.2d 1192 (Ct.App.1985). During the holiday season between December 21 and the trial, counsel for the parties discussed discovery and Kinshaw produced some records. Kinshaw did not, however, serve any response to the state's motion, despite the local rules that (1) counsel is to submit a response to a motion "no later than ten (10) days after service of the motion," Rule 26(c) (1st Dist. 1986), N.M.Loc. & Fed.R.Hnbk. (1988), and (2) "[a]ll motions will be decided by the court without a hearing, unless otherwise ordered by the court," Rule 26(e).

At the outset of the proceedings on January 6, 1988, the state, when asked by the court if there were any preliminary matters that needed handling, mentioned the motion. The court then heard oral argument on whether Kinshaw's objections were proper and on the appropriate sanction if they were found improper. Kinshaw's attorney requested the opportunity to submit a memorandum the following day if the court thought her argument regarding the good faith of the objections was not adequate. The only case authorities Kinshaw's attorney cited at the hearing were (1) *In re One 1967 Peterbilt Tractor,* 84 N.M. 652, 506 P.2d 1199 (1973) (evidence obtained by an unconstitutional search and seizure is inadmissible in a forfeiture proceeding), cited for the proposition that the procedures in criminal cases apply to forfeiture proceedings, and (2) *Rainbo Baking Co. of Albuquerque, Inc. v. Apodaca,* 88 N.M. 501, 542 P.2d 1191 (Ct.App.1975), cited for the proposition that a litigant in a

civil proceeding is entitled to invoke the privilege against self-incrimination. Counsel for the state argued that "even though [Kinshaw's attorney] perhaps has no personal bad faith, the way she's used these rules, it comes to the point of bad faith as a legal conclusion." When the court suggested that a continuance might resolve the problem, neither attorney agreed; Kinshaw's attorney noted that Kinshaw had flown from Iowa for the proceeding. The district judge then orally granted a default, stating, "I find that there is evidence of bad faith in the blanket use of the Fifth Amendment privilege to questions which are not even reasonably related to it, and in the failure to abide by the, what I think are the Rules of Civil Procedure, as well as our Local Rules." The district court later entered a default judgment, which states:

> THIS MATTER having come before the Court on the State's MOTION TO COMPEL ANSWERS TO INTERROGATORIES, OR, IN THE ALTERNATIVE, TO IMPOSE SANCTIONS FOR FAILURE TO COMPLY WITH DISCOVERY, the Court being sufficiently advised and the Defendant Kinshaw failing to respond to said motion in a timely manner as provided by the Local Rules for the First Judicial District, NOW, THEREFORE,
>
> IT IS THEREFORE ORDERED that Judgment against Kinshaw be and is entered for his failure to comply with discovery herein.

## APPLICATION OF THE RULES OF DISCOVERY

New Mexico's procedural rules for handling objections to discovery are based on, and are virtually identical to, the federal rules. A party that believes that another party has served it with interrogatories or requests for production calling for privileged matter may object to the discovery requests. SCRA 1986, 1–033(A), –034(B). The objecting party need not move for a protective order. If the party requesting discovery wishes to challenge the objec-

tions, that party ordinarily would proceed under SCRA 1986, 1–037(A) (Cum.Supp. 1988), through which it could obtain a court order compelling answers and, in some circumstances, recover its expenses in obtaining the order. Violation of the order could lead to more severe sanctions, including default. R. 1–037(B). Courts have applied these procedures when the privilege claimed has been the privilege against self-incrimination. *See Campbell v. Gerrans,* 592 F.2d 1054 (9th Cir.1979); *Stone v. Martin,* 56 N.C.App. 473, 289 S.E.2d 898 (1982) (state rule similar to New Mexico rule).

■ This was not the procedure followed in this case. The district court never ordered Kinshaw to answer interrogatories or to respond to requests for production. In the absence of a court order, the district court's only authority to order a default judgment for violation of discovery rules would have been Rule 1–037(D), which reads, in pertinent part:

> D. * * * If a party * * * fails[:]
>
> . . . .
>
> (2) to serve answers [or] objections to interrogatories submitted under Rule 1–033, after proper service of the interrogatories; or
>
> (3) to serve a written response to a request for inspection submitted under Rule 1–034, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under Subparagraphs (a), (b) and (c) of Subparagraph (2) of Paragraph B of this rule [which includes the sanction of default].

Read literally, only a complete failure to serve answers or objections to interrogatories or to respond to a request for production would justify the sanction of default. But today, in *Sandoval v. Martinez,* 109 N.M. 5, 780 P.2d 1152 (App.1989), we have decided that Rule 1–037(D) covers "responses" which are tantamount to a failure to respond.

█ Serving a baseless objection in response to an interrogatory or a request for production may amount to a failure to respond. The circumstances, however, would have to be particularly egregious to justify sanctions under Rule 1–037(D). *Cf. Cardox Corp. v. Olin Mathieson Chem. Corp.,* 23 F.R.D. 27 (S.D.Ill.1958) (no Rule 37(d) sanction for objection stating merely that subject matter was privileged and irrelevant). Proceeding pursuant to Rule 1–037(A) and (B) should vindicate the discovery rules in almost every case.

█ Kinshaw's objections were not the equivalent of a failure to respond. It was not frivolous for him to contend that he had no duty to comply with discovery in the civil forfeiture case. Kinshaw was facing criminal prosecution for an alleged offense that constituted the basis for the forfeiture proceeding. One would expect that any information that could lead to admissible evidence in the forfeiture proceeding could lead to evidence incriminating Kinshaw in the criminal case. Moreover, Kinshaw had the colorable claim that he could not be compelled to provide information that could be used against him in a forfeiture proceeding predicated on offenses allegedly committed by him, even in the absence of a threat of criminal prosecution. *See United States v. United States Coin & Currency,* 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971). The appropriate procedure would have been the usual procedure when a claim of privilege is contested: determine the merits of the claim of privilege at a hearing, order discovery responses not protected by privilege, and then take appropriate action if Kinshaw fails to comply with the court's order. We need not consider whether Kinshaw's proper invocation of a privilege in the forfeiture proceeding could be used against him, such as to bar the admission of evidence at trial. *Compare Baxter v. Palmigiano,* 425 U.S. 308, 316–20, 96 S.Ct. 1551, 1557, 47 L.Ed.2d 810 (1976) (fifth amendment does not preclude drawing adverse inference in civil case from claim of privilege) *with* SCRA 1986, 11–513(A) (prohibiting drawing inference from claim of privilege).

## APPLICATION OF THE LOCAL RULE GOVERNING BRIEFING

█ The district court judgment suggests that Kinshaw's failure to file a timely response to the state's motion to compel and for sanctions may have been one ground for the default. Local Rule 26(c) requires submission of responsive briefs within ten days. In our view, however, Kinshaw's failure to file a responsive brief cannot, in itself, form the basis for the default judgment. We interpret the local rule as meaning only that the court need not consider an untimely brief in ruling on a motion. The rule does not state that failure to file a responsive brief is grounds for *punishment.* Nor did the failure to file a brief waive any arguments raised in Kinshaw's responses to discovery or at the district court hearing.

## CONCLUSION

We reverse the default judgment rendered against Kinshaw. We remand for the district court to determine the merits of Kinshaw's objections to discovery and issue an appropriate order. The district court may, in its discretion, accept further briefs or hold another hearing on the matter. If the district court finds any or all of the objections to be without merit, it may impose sanctions pursuant to Rule 1–037(A). Additional sanctions can be imposed if Kinshaw fails to comply with an order compelling discovery. Our decision should not be understood as implying any determination of the merits of Kinshaw's claims of privilege. Oral argument is unnecessary.

IT IS SO ORDERED.

BIVINS, C.J., and APODACA, J., concur.