901 P.2d 211

STATE of New Mexico ex rel. ALBU-
QUERQUE POLICE DEPART-
MENT, Plaintiff–Appellee,

v.

ONE BLACK 1983 CHEVROLET VAN,
V.I.N. 2GCEG25H1D4121852, NEW
MEXICO LICENSE PLATE NO. 291–
BPN and One Thousand Three Hundred
Seventy Dollars (1,370.00) In United
States Currency In Various Denomina-
tions, Defendant,

and

Robert Beachum, Claimant–Appellant.

No. 15625.

Court of Appeals of New Mexico.

June 29, 1995.

possession at the time of arrest. Civil forfeiture proceedings for the van and the money followed. The State sought discovery through interrogatories, request for production, and request for admission. Beachum objected to all discovery, based on his Fifth Amendment right against self-incrimination, and sought a stay of discovery until the end of his criminal trial.

The State filed a motion to compel. Beachum responded with a motion to dismiss arguing that the State failed to provide him notice and an opportunity to be heard prior to seizing his van. At a hearing on both motions, Beachum's counsel represented to the trial court that Beachum probably would not answer the State's requests for discovery, based on Fifth Amendment grounds, even if specifically ordered to do so by the trial court. The next day, without a particularized order compelling discovery, the trial court entered a default judgment against Beachum. *See* SCRA 1986, 1–037(B)(2)(c) (Repl.1992).

## DISCUSSION

In *State ex rel. New Mexico State Police Department v. One 1978 Buick, Lesabre,* 108 N.M. 612, 775 P.2d 1329 (Ct.App. 1989), this Court set forth the procedure for assessing a Fifth Amendment privilege asserted as the basis for an objection to discovery in a civil forfeiture case. We directed the trial court to "determine the merits of the claim of privilege at a hearing, order discovery responses not protected by privilege, and then take appropriate action if [claimant] fail[ed] to comply with the court's order." *Id.* at 615, 775 P.2d at 1332. This procedure should be followed in almost every case involving a Fifth Amendment privilege. Only rare exceptions might excuse compliance with this procedure and justify a default judgment such as the total failure to serve an answer or objection to discovery or filing a baseless objection. *Id.* at 614–15, 775 P.2d at 1331–32.

In this case, Beachum's Fifth Amendment assertion was hardly baseless. There were ongoing criminal charges against him and many of the discovery requests overlapped with the scope of those criminal pro-

Mark L. Drebing, Albuquerque, for plaintiff-appellee.

James Rawley, Albuquerque, for claimant-appellant.

## OPINION

BOSSON, Judge.

Robert Beachum appeals a default judgment entered against him as a sanction in a civil forfeiture proceeding. Beachum suffered default because he refused to answer discovery requests based upon the assertion of his Fifth Amendment constitutional right against self-incrimination. We hold that the trial court erred in its entry of default judgment and therefore reverse and remand for further proceedings consistent with this opinion.

## FACTS

The State arrested Beachum on charges of trafficking cocaine. Pursuant to NMSA 1978, §§ 30–31–1 to –40 (Repl.Pamp.1989) (Controlled Substances Act), the State seized his van and $1370 in cash that were in his

ceedings. Just as we noted in *State ex rel. New Mexico State Police Department*, "[o]ne would expect that any information that could lead to admissible evidence in the forfeiture proceeding could lead to evidence incriminating [Beachum] in the criminal case." *Id.* at 615, 775 P.2d at 1332. Therefore, under *State ex rel. New Mexico State Police Department*, the trial court was required to analyze each discovery request individually in light of the Fifth Amendment privilege. Only those requests that did not violate Beachum's right against self-incrimination could become the subject of an order to compel. Ultimately, if Beachum then refused to comply with a direct court order, the full range of sanctions would be available under SCRA 1–037(B), including entry of a default judgment. *See State ex rel. New Mexico State Police Dep't*, 108 N.M. at 615, 775 P.2d at 1332. However, the foundation for the exercise of that ultimate authority must include this kind of incremental order and response by the trial court. It is undisputed that the court did not follow this procedure.

The State argues that Beachum's assertion of a blanket, indiscriminate Fifth Amendment privilege to all discovery requests is tantamount to a complete failure to respond. *Cf. Sandoval v. Martinez*, 109 N.M. 5, 8, 780 P.2d 1152, 1155 (Ct.App.) (false answers to interrogatories tantamount to a complete failure to respond justifying dismissal of lawsuit), *cert. denied* (N.M. July 27, 1989). At the very minimum, the State contends, Beachum had to make a good faith effort to respond to those questions that were clearly not incriminating, such as general background and identification.

We disagree. The State was the moving party seeking sanctions and accordingly, the State had the burden of separating out those requests that could be answered without violating Fifth Amendment rights and obtaining the requisite order to compel. The State did not do so, and instead sought to compel responses to *all* discovery requests, not just those outside the scope of legitimate Fifth Amendment objection. The State was just as overbroad and indiscriminatory as it accuses Beachum of being. Indeed, at the

hearing, the State failed to alert the trial court to the procedures called for in *State ex rel. New Mexico State Police Department*, and even failed to submit a copy of the requested discovery, so that the trial court could exercise an informed judgment as to which discovery requests could be answered, notwithstanding constitutional objection. *Cf.* SCRA 1986, § 10A–LR2–123(A)(1) (Repl. 1994) (local rule requiring motion along with any attachments to be presented to the clerk). The State failed to satisfy its burden under *State ex rel. New Mexico State Police Department*.

■ The State relies on *United States v. Schmidt*, 816 F.2d 1477 (10th Cir.1987), to shift the burden to Beachum to prove with specificity that his objections were valid instead of simply asserting a blanket Fifth Amendment privilege to all discovery. *Schmidt* holds that an individual asserting a Fifth Amendment privilege has the initial burden of showing "that a risk of substantial and real testimonial self-incrimination would occur as a result of" providing the information sought. *Id.* at 1482. Beachum easily met this burden by showing contemporaneous criminal proceedings pending against him, unlike the situation in *Schmidt*. Once Beachum articulated at least a "colorable claim" to a Fifth Amendment privilege, *State ex rel. New Mexico State Police Department*, 108 N.M. at 615, 775 P.2d at 1332, then it was the State's burden to pursue its discovery item by item.

■ Beachum also claims that the forfeiture procedure violated his right to due process of law. Beachum takes the position that prior to seizure of his property by the police, or at the latest shortly after seizure and prior to forfeiture, he was constitutionally entitled to a hearing regarding the grounds for the seizure and attended by procedural protections such as the right to cross-examination of witnesses. In regards to a pre-seizure hearing, our Supreme Court held in *In re One Cessna Aircraft*, 90 N.M. 40, 42, 559 P.2d 417, 419 (1977), that "[t]he forfeiture provisions of the Controlled Substances Act are penal in nature and consequently no pre-seizure notice or hearing is constitutionally required. The statute pro-

vides for a hearing within thirty days of the seizure and this is sufficient to satisfy due process standards." Beachum argues that *United States v. James Daniel Good Real Property*, —— U.S. ——, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993), requires a pre-seizure hearing, in effect overruling *In re One Cessna Aircraft*. We disagree. The United States Supreme Court made a clear distinction regarding the timing of a due process hearing, depending on the kind of property involved. Fixed real property generally must be the subject of notice and hearing prior to seizure. However, personal property that can easily be removed, concealed, or destroyed generally does not require notice and hearing prior to seizure. *James Daniel Good Real Property*, —— U.S. at —— – ——, 114 S.Ct. at 500–05; *see also Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 667, 679–80, 94 S.Ct. 2080, 2084, 2089–90, 40 L.Ed.2d 452 (1974) (movable nature of yacht justified lack of pre-seizure notice and hearing). In this case, the van and the money are personal property and no pre-seizure hearing was required.

Here, Beachum still had a right to a hearing within a reasonable time after seizure. Section 30–31–35(C) affords a party the opportunity of a forfeiture hearing within thirty days after seizure. Beachum had this same statutory procedure at his disposal but made no effort to invoke it. Indeed, it is difficult to perceive how Beachum could have wanted a prompt hearing, when he was simultaneously avoiding comment, on the merits of the forfeiture, to protect his constitutional right against self-incrimination. Beachum cannot have it both ways. Having opted for silence, as is his right, he waived his right to a timely hearing under the Act, which would have protected fully the very right to due process he now claims was lost.

*CONCLUSION*

For these reasons, we reverse entry of the default judgment and remand for further proceedings in the statutory forfeiture action consistent with the procedure previously

crafted by this Court in *State ex rel. New Mexico State Police Department*.

IT IS SO ORDERED.

FLORES and WECHSLER, JJ., concur.