This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41119**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ALEXANDER GALLEGOS,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Renee Torres, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennet J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}**     Defendant appealed following his conviction for driving while under the influence of intoxicating liquor or drugs (DWI). We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** The relevant background information has previously been set forth. We will avoid undue reiteration here, and instead focus on the content of the memorandum in opposition.

**{3}** First, Defendant renews his assertion that his motion to suppress should have been granted as a consequence of the State's failure to file its written response in a timely fashion. [MIO 10-12] However, as we previously observed, [CN 2] neither Rule 7-304(F)(3) NMRA, nor any other authority of which we are aware requires such a result. We therefore conclude that the district court acted within its discretion in conducting a hearing and issuing a ruling on the merits. *See, e.g.*, *State ex rel. N.M. State Police Dep't v. One 1978 Buick LeSabre*, 1989-NMCA-041, ¶ 11, 108 N.M. 612, 775 P.2d 1329 (holding that violation of an analogous local rule required neither an award in the moving party's favor nor the imposition of a sanction).

**{4}** Defendant further contends that the motion to suppress should have been granted on the merits. [MIO 12-15] We disagree. The arresting officer's observations, including Defendant's speeding, his bloodshot watery eyes, slurred speech, odor of alcohol, admission to drinking, and mixed performance on field sobriety tests [MIO 2-3, 5] were sufficient to establish probable cause. *See, e.g.*, *State v. Sanchez*, 2001-NMCA-109, ¶¶ 8-9, 131 N.M. 355, 36 P.3d 446 (holding that an officer had probable cause to arrest the defendant for DWI based on odor of alcohol, bloodshot watery eyes, admission to drinking, and refusal to submit to field sobriety or chemical testing); *State v. Ruiz*, 1995-NMCA-098, ¶¶ 3–4, 24, 120 N.M. 534, 903 P.2d 845 (holding that probable cause existed where police observed the defendant speeding and weaving, the defendant admitted to having been drinking, the officer noticed bloodshot watery eyes, slurred speech, and a smell of alcohol, and the results of the field sobriety tests were mixed), *overruled on other grounds by State v. Martinez*, 2007-NMSC-025, 141 N.M. 713, 160 P.3d 894. Although Defendant disputes the evidentiary value of the officer's testimony concerning his performance on the field sobriety tests, [MIO 13-15] this supplies no basis for relief on appeal. *See generally State v. Martinez*, 2018-NMSC-007, ¶¶ 13, 18, 410 P.3d 186 (concluding, in a case where video evidence was not entirely consistent with an officer's testimony, that this Court "contravened the standard of review by independently reweighing the evidence on appeal").

**{5}** Defendant also renews his argument that his right to due process was violated, to the extent that the judge might have referred in the course of the bench trial to notes taken during the hearing on the motion to suppress. [MIO 15-18] However, Defendant offers nothing concrete to substantiate his claim of error. Insofar as the hearing on the motion to suppress and the bench trial were conducted sequentially, insofar as the same evidence was presented in the course of both proceedings, [MIO 7] and insofar as Defendant had fair notice and full opportunity to defend on the matters at issue, we perceive no error. *See, e.g.*, *State ex rel. Child., Youth & Fams. Dep't v. Brandy S.*, 2007-NMCA-135, ¶¶ 29, 31, 142 N.M. 705, 168 P.3d 1129 (expressing disapproval of the practice of taking judicial notice of case files, but holding that no reversible error occurred where the record did not reflect that the trial court had relied on evidence that was not properly established at the hearing on the merits). *See generally State v.*

*Duran*, 1988-NMSC-082, ¶ 12, 107 N.M. 603, 762 P.2d 890 ("[T]o establish a due process violation, and thus reversible error, the defendant must demonstrate prejudice."), *superseded by rule on other grounds as stated in State v. Gutierrez*, 1998-NMCA-172, ¶ 10, 126 N.M. 366, 969 P.2d 970, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110.

**{6}** Finally, Defendant renews his challenge to the sufficiency of the evidence to support his conviction. [MIO 18-20] However, the officer's testimony describing his observations, including Defendant's speeding, odor of alcohol, slurred speech, bloodshot watery eyes, admission to consuming alcohol, mixed performance on the field sobriety tests, and ultimate refusal to submit to breath testing, supplied sufficient support for the conviction. *See, e.g., State v. Nevarez*, 2010-NMCA-049, ¶¶ 33-36, 148 N.M. 820, 242 P.3d 387 (upholding the sufficiency of the evidence to support a conviction for driving while impaired to the slightest degree, based on testimony that the defendant drove his vehicle at a high rate of speed, he had bloodshot watery eyes, the defendant smelled of alcohol and admitted to having consumed alcohol, and he failed to satisfactorily perform field sobriety tests by losing his balance and failing to follow instructions); *State v. Soto*, 2007-NMCA-077, ¶ 34, 142 N.M. 32, 162 P.3d 187 (holding that there was sufficient evidence to support a conviction where officers observed the defendant driving, the defendant admitted to drinking, his speech was slurred, he smelled of alcohol, and he had bloodshot watery eyes, and he refused to submit to breath testing), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 142 N.M. 32, 275 P.3d 110. Neither Defendant's testimony nor his identification of apparent inconsistencies in the evidence supply grounds for relief on appeal. *See Martinez*, 2018-NMSC-007, ¶¶ 13, 18 (concluding, in a case where video evidence was not entirely consistent with an officer's testimony, that this Court "contravened the standard of review by independently reweighing the evidence on appeal"); *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the [fact-finder] is free to reject [the d]efendant's version of the facts."); *State v. Hornbeck*, 2008-NMCA-039, ¶ 33, 143 N.M. 562, 178 P.3d 847 ("We do not re-weigh the evidence or substitute our judgment for that of the fact-finder, so long as sufficient evidence supports the verdict."); *State v. Neal*, 2008-NMCA-008, ¶ 29, 143 N.M. 341, 176 P.3d 330 (holding that the defendant's driving, odor of alcohol, bloodshot and watery eyes, admission to drinking, and poor performance on field sobriety tests, *inter alia*, supported a reasonable inference that the defendant was under the influence of alcohol, despite the defendant's alternative explanations).

**{7}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{8} IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**GERALD E. BACA, Judge**